**Maryam Jamilah ZAIDI, Appellant,**

v.

**COMMISSION FOR LAWYER Discipline, Appellee.**

No. 01–00–01066–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 17, 2002.

Panel consists of Justices
SCHNEIDER, TAFT, and RADACK.

## OPINION

TIM TAFT, Justice.

Appellant, Maryam Jamilah Zaidi, challenges a default judgment rendered against her for professional misconduct. The trial court, the Honorable Sam Katz presiding, found appellant violated Texas Rule of Disciplinary Procedure 4.02(a) by communicating directly with a represented client, and imposed a six-year suspension, with the first year active and the remaining years probated. In seven issues, appellant challenges the trial setting and the default judgment. We affirm.

## Facts

Appellant filed a federal lawsuit against Texas Universal Insurance ("Texas Universal"), and Gregeory Fenwick, an insurance agent for Texas Universal, alleging breach of contract. Kerri Fields sent appellant a letter of representation on behalf of Texas Universal and Fenwick. Fields advised appellant that Fenwick would not sign a waiver of service of citation, and Fenwick considered the lawsuit frivolous. Appellant responded in a letter in which she criticized Fenwick and Fields. Appellant also sent this letter directly to Fenwick without Fields's knowledge or consent.

Fields learned that appellant's license was suspended and wrote to the State Bar of Texas ("State Bar") to complain about appellant's actions and the use of her letterhead and bar card number in the letter sent directly to Fenwick. Appellant received a copy of the letter Fields sent to the State Bar and wrote a letter to Fields accusing Fields of lying to the State Bar and engaging in a "Rambo litigation tactic." Appellant sent a copy of the letter directly to Fenwick without the knowledge or consent of Fields.

Fields sent another letter to appellant demanding that appellant refrain from communicating directly with Fenwick, in violation of Texas Rule of Disciplinary Procedure 4.02(a). TEX. R. DISP. P. 4.02(a). Nevertheless, appellant continued to communicate directly with Fenwick. After appellant's federal lawsuit was dismissed, appellant faxed a copy of the petition, return of summons, request for imposition of costs, notice of appeal, and a motion for relief from judgment directly to Fenwick. Fields was not copied with any of these documents, and her name is not included in the certificate of service.

The Texas Commission for Lawyer Discipline ("the Commission"), initiated a disciplinary action against appellant, who was personally served and filed an answer. The trial was set to commence on September 5, 2000. The trial court reminded appellant of the September 5, 2000, trial date during a pre-trial conference held on August 30, 2000.

On the day of trial, appellant informed the court she would not appear for personal reasons and would send an assistant to file a motion for continuance. The assistant arrived an hour after the scheduled time of trial. The court considered the motion and denied it.

After the Commission waived jury trial, the trial court granted the Commission's leave to file an amended petition, which narrowed the allegations of professional misconduct to the rule 4.02(a) violation. At the conclusion of evidence, the trial court found appellant committed professional misconduct in violation of rule 4.02(a) and suspended her law license as stated above. Appellant moved to set aside the default judgment and a new trial.

## Trial Setting

In her first issue, appellant contends the trial-court judgment should be set aside because Rule of Disciplinary Procedure 3.07 requires a trial involving attorney disciplinary action to commence within 180 days of filing an original petition. TEX. R. DISP. P. 3.07. The petition was originally filed on February 28, 2000, and the trial was set to commence on September 5, 2000, 190 days after the petition was filed.

Appellant failed to object when trial was set and therefore did not preserve error. *See* TEX.R.APP. P. 33.1. Moreover, the procedural limits in rule 3.07 are not mandatory, but a matter of preference. *Commission for Lawyer Discipline v. Eisenman*, 981 S.W.2d 737, 740 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (holding rule 3.07 is a rule of preference in determining whether trial must

be *set* within 180 days or must *commence* within 180 days).

We overrule appellant's first issue.

### Default Judgment

In her second through seventh issues, appellant contends the trial court erred in rendering a default judgment against her when: (1) her medical condition prevented her from appearing and she is entitled to a new trial; (2) an amended petition was filed on the day of trial and not served on appellant; and (3) the judgment was not supported by the pleadings or evidence.

■ A motion for new trial after a post-answer default judgment should be granted if the defendant shows: (1) the failure to answer was not intentional or the result of conscious indifference; (2) a meritorious defense; and (3) that setting aside the default judgment would not delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

### A. Failure to Appear

In her second issue, appellant contends that her medical condition prevented her from appearing for trial. In her fifth, sixth, and seventh issues, appellant contends the decision not to appear was: (1) not the result of conscious indifference; (2) she has a meritorious defense; and (3) a new trial would not occasion delay or otherwise cause injury to the appellee.

■ The first prong of the *Craddock* test requires the determination whether appellant's failure to appear was due to mistake or accident, or was the result of conscious indifference. *Craddock*, 133 S.W.2d at 126. Appellant presented no evidence to show that her failure to appear was due to mistake or accident and does not dispute she had knowledge of the trial date. Although appellant presented evidence that she had been hospitalized for deep vein thrombus, she stated she was able to complete research at the law library just days before the trial date, and was also released from the hospital over a week before trial. Appellant has not shown she acted unintentionally or without conscious indifference by choosing not to appear for trial.

Because appellant failed to meet the first prong of the *Craddock* test, we overrule appellant's second, fifth, sixth, and seventh issues.

### B. Amended Petition

■ In her third issue, appellant contends the amended disciplinary petition was filed on the day of trial and never served on her. The trial court's ruling on an amendment is reviewed for abuse of discretion. *Ohio Med. Prods., Inc. v. Suber*, 758 S.W.2d 870, 872 (Tex.App.-Houston [14th Dist.] 1988, writ denied).

■ Appellant failed to properly brief this issue, and thus the complaint is waived. *Wade v. Commission for Lawyer Discipline*, 961 S.W.2d 366, 373 (Tex.App.-Houston [1st Dist.] 1997, no writ). Moreover, because appellant had already been served notice for trial, personal service of the petition was not required. *Arce v. Burrow*, 958 S.W.2d 239, 257 (Tex.App.-Houston [14th Dist.] 1997) (*modified on other grounds*, 997 S.W.2d 229 (Tex.1999)). Finally, because the Commission's amended petition had narrowed the number of alleged violations to the rule 4.02(a) violation, appellant was neither harmed nor surprised by the amendment.

Accordingly, we overrule appellant's third issue.

### C. Support for the Judgment

■ In her fourth issue, appellant contends the judgment was not supported by the pleadings or by the evidence, but has not briefed this issue or point to the lack of evidence to support the judgment. Appellant's omission constitutes a waiver of the

issue presented for review. *Wade*, 961 S.W.2d at 373; *Curtis v. Commission for Lawyer Discipline*, 20 S.W.3d 227, 236 (Tex.App.-Houston [14th Dist.] 2000, no pet.).

Accordingly, we overrule appellant's fourth issue.

## Conclusion

We affirm the judgment of the trial court.