Cite as 2019 Ark. App. 551

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-18-747

|  |  |
|---|---|
| GREEN INVESTMENT GROUP, LLC<br><br>APPELLANT<br>V.<br><br>MARTIN ELZEY; THE HAGAN COMPANY, LLC, D/B/A RE/MAX REAL ESTATE RESULTS; WHITNEY KOENIGSEDER; MATT KELLY; AND KIM MINOR<br><br>APPELLEES | **Opinion Delivered** November 20, 2019<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-17-2210]<br><br>HONORABLE JOHN R. SCOTT, JUDGE<br><br><br>DISMISSED WITHOUT PREJUDICE |

## LARRY D. VAUGHT, Judge

Green Investment Group, LLC, appeals two orders entered by the Benton County Circuit Court. The first order granted Martin Elzey's motion for summary judgment, and the second order denied Green Investment's motion to vacate, alter, or amend. Green Investment argues that there are genuine issues of material fact warranting reversal of the summary-judgment order and that the circuit court abused its discretion in denying its motion to vacate. Because the orders from which Green Investment appeals are not final, we dismiss the appeal without prejudice for lack of jurisdiction.

On October 24, 2017, Green Investment filed suit for a declaratory judgment against Elzey seeking to enforce a real estate contract entered into by the parties on May 7 wherein Elzey agreed to sell Green Investment fifteen acres located on Glen Road in Bentonville,

Arkansas. Green Investment prayed for specific performance. Elzey answered and filed a counterclaim against Green Investment for breach of contract. Elzey subsequently filed a third-party complaint against his real estate agents, The Hagan Company, LLC, d/b/a Re/Max Real Estate Results; Whitney Koenigseder; Matt Kelly; and Kim Minor (collectively "Re/Max"), for breach of fiduciary duty.

Re/Max moved for summary judgment, arguing that Green Investment breached the real estate contract and that it was unenforceable; therefore, Elzey was entitled to judgment as a matter of law, and as a result, so was Re/Max. Re/Max also filed a motion to dismiss the third-party complaint, contending that the complaint failed to state a claim upon which relief could be granted.

Elzey also moved for summary judgment against Green Investment, incorporating Re/Max's summary-judgment allegations and exhibits. In addition, Elzey filed a first amended third-party complaint against Re/Max that clarified the nature and extent of the damages suffered by him as a result of the actions, inactions, and advice of Re/Max. Re/Max moved for partial dismissal of the first amended third-party complaint, contending that the claims therein were not ripe, and to the extent any viable claims remained, they should be bifurcated from Green Investment's claim against Elzey.

After a hearing on all the motions filed by the parties, the circuit court, on April 20, 2018, entered an order granting summary judgment in favor of Elzey; granting Re/Max's motion to dismiss the third-party complaint; dismissing Re/Max's motion for summary judgment as moot; and granting Re/Max's partial motion to dismiss the first amended third-party complaint. Thereafter, Green Investment moved to vacate, alter, or amend the circuit

2

court's summary-judgment order. The circuit court denied the motion in a June 1, 2018 order.[1] This appeal followed.

We cannot reach the merits of Green Investment's arguments because neither of the orders from which Green Investment appeals is a final order. Arkansas Rule of Appellate Procedure–Civil 2(a) (2019) permits an appeal from a final order and other categories constituting exceptions not applicable here. The order must be final for this court to have jurisdiction; therefore, it is a matter we will consider even though the parties do not raise it. *Cleary v. Sledge Props., Inc.*, 2009 Ark. App. 353, at 1 (per curiam).

Under Arkansas Rule of Civil Procedure 54(b), an order that fails to adjudicate all the claims as to all the parties, whether presented as claims, counterclaims, cross-claims, or third-party claims, is not final for purposes of appeal. *Id.* at 1; *see* Ark. R. Civ. P. 54(b) (2019). Although Rule 54(b) provides a method by which the circuit court may direct entry of final judgment as to fewer than all the claims or parties, where there is no attempt to comply with Rule 54(b), the order is not final, and we must dismiss the appeal. *Cleary*, 2009 Ark. App. 353, at 1. The fundamental policy behind Rule 54(b) is to avoid piecemeal appeals. *Id.*

The orders being appealed from in the present case do not adjudicate or even mention Elzey's counterclaim against Green Investment. Further, the orders being appealed from do not contain a Rule 54(b) certification directing that a final judgment be entered as to only Green Investment's complaint. Because the appeal presented has complied with neither Arkansas Rule of Appellate Procedure–Civil 2(a) nor Arkansas Rule of Civil Procedure 54(b),

---

[1]This order also denied Green Investment's motion to vacate or stay enforcement of the order for attorney's fees and costs.

we lack jurisdiction, and the appeal must be dismissed without prejudice. *Hanners v. Giant Oil Co. of Ark., Inc.*, 369 Ark. 226, 230, 252 S.W.3d 424, 427 (2007) (dismissing appeal for lack of jurisdiction because circuit court failed to rule on the counterclaim); *Jacobs v. Collison*, 2015 Ark. App. 420, at 4 (same); *Spears v. Spears*, 2012 Ark. App. 181, at 2 (same); *Cleary*, 2009 Ark. App. 353, at 2 (same); *Billingsley v. Planit Dirt Excavation & Concrete, Inc.*, 2011 Ark. App. 449, at 3 (holding that because the circuit court did not expressly direct entry of a final judgment with regard to one of the appellee's claims or the appellant's counterclaim, the appellate court could not infer that those claims were rendered defunct, and the appeal was dismissed for lack of a final order).

Dismissed without prejudice.

SWITZER and MURPHY, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *Marshall S. Ney*, *Angela C. Artherton*, and *Kael K. Bowling*, for appellant.

*Watkins, Boyer, Gray & Curry, PLLC*, by: *Jennifer E. Gray*, for separate appellee Martin Elzey.

*Davis, Clark, Butt, Carithers & Taylor, PLC*, by: *Constance G. Clark*, for separate appellees The Hagan Co., LLC, d/b/a Re/Max Real Estate Results; Whitney Koenigseder; Matt Kelly; and Kim Minor.