Robert CORTESE v. ATLANTIC RICHFIELD

95-59                                                       898 S.W.2d 467

Supreme Court of Arkansas
Opinion delivered May 30, 1995

*Hicks Law Firm*, by: *George R. Wise, Jr.* and *Edward O. Moody, P.A.*, for appellant.

*Wright, Lindsey & Jennings*, by: *N.M. Norton, Jr, Edwin L. Lowther, Jr.*, and *Charles L. Schlumberger*, for appellee AT&T, Okonite, and Square D.

*Meeks & Carter, P.A.*, by: *William Russell Meeks, III*, for appellee Westinghouse Elec.

*Bridges, Young, Matthews & Drake PLC*, by: *Michael J. Dennis*, for appellees Graybar Electric and Ericsson, Inc.

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Floyd M. Thomas, Jr.*, for appellee Phelps Dodge Corp.

*McGlinchey, Stafford Lang*, by: *Carolyn B. Witherspoon*, for appellee Keathley-Patterson.

*Mitchell, Williams, Selig, Gates & Woodyard*, by: *Marcella J. Taylor*, for appellee USX Corporation.

*Friday, Eldredge & Clark*, by: *Frederick S. Ursery*, for appellee Carol Wire & Cable.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *Tim A. Cheatham*, for appellee American Insulated Wire.

ROBERT L. BROWN, Justice. Appellant Robert Cortese appeals an order of dismissal and summary judgment. Cortese originally sued approximately 34 defendants in an asbestos products liability case. The trial court granted summary judgment to several defendants on the basis that the three-year statute of limitations had expired. The record on appeal, however, does not reflect the disposition of this action against three defendants. Accordingly, we dismiss the appeal pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure.

This is the second time that this matter has been before us on appeal. *See Cortese* v. *Atlantic Richfield*, 317 Ark. 207, 876 S.W.2d 581 (1994) (*Cortese* I). In *Cortese* I, we dismissed the appeal for failure to show what action had been taken against some 20 of the defendants sued in this matter. We concluded that the order was not a final judgment for purposes of Rule 54(b).

Following our decision in *Cortese* I, a corrected order of non-suit was entered dismissing 17 additional defendants. Despite the new order, the record before us still does not reflect final action with respect to defendants American Electrical Cable, Tennessee Valley Electric Supply Co., and Treadway Electric Co., Inc. It is true that the Amended Notice of Appeal and Designation of Record filed by Cortese on June 24, 1993, designates orders of dismissal and summary judgment concerning these three defendants to be included in the record. But the record filed in this case does not contain those orders.

██ We have said many times, and specifically in *Cortese* I, that the fundamental policy behind Rule 54(b) is to avoid piecemeal appeals. *See, e.g., General Motors Acceptance Corp.* v. *Eubanks*, 318 Ark. 640, 887 S.W.2d 292 (1994); *Maroney* v. *City of Malvern*, 317 Ark. 177, 876 S.W.2d 585 (1994). Further, it is the duty of Cortese to produce a record on appeal showing that the jurisdictional requirements of Rule 54(b) have been met. That was not done in this case for a second time.

Appeal dismissed.

GLAZE, J., not participating.