Juanita Duke SHACKELFORD, Administratrix of the
Estate of James Anthony Shackelford, Deceased *v.*
ARKANSAS POWER & LIGHT COMPANY

98-193                                           976 S.W.2d 950

Supreme Court of Arkansas
Opinion delivered October 29, 1998

The McMath Law Firm, by: *Mart Vehik*; and *Tapp Law Offices,*
by: *J. Sky Tapp,* for appellant.

*Friday, Eldredge & Clark,* by: *Scott J. Lancaster* and *John C. Fendley, Jr.,* for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellant, Juanita Duke Shackelford, Administratrix of the Estate of James Anthony Shackelford, filed a wrongful-death and survival action against Carrick and Pat Patterson, Arkansas Power and Light Company (AP&L), John Doe 1, electrician, and John Doe 2, boat hoist manufacturer. On February 3, 1997, we reversed a summary judgment granted in favor of Carrick and Pat Patterson and remanded the case to the trial court for further proceedings. *Shackelford v. Patterson*, 327 Ark. 172, 936 S.W.2d 748 (1997). On October 3, 1997, Ms. Shackelford filed a motion to dismiss her claims against Carrick and Pat Patterson pursuant to a settlement agreement. The trial court entered an order of dismissal as to the Pattersons only on October 6, 1997. On the same day that she filed her motion to dismiss, Ms. Shackelford also filed a second amended and substituted complaint in which she listed AP&L as the only defendant. AP&L subsequently moved for summary judgment. At the beginning of the hearing on AP&L's motion for summary judgment, Ms. Shackelford assured the trial court that AP&L was the only remaining defendant. The trial court entered summary judgment in favor of AP&L on October 21, 1997. The caption to the order of summary judgment lists AP&L, Carrick and Pat Patterson, John Doe 1, and John Doe 2 as the defendants. However, the body of the order refers only to AP&L. Specifically, the last sentence of the order declares that "the Motion for Summary Judgment of defendant, Arkansas Power & Light Company, Inc., is hereby granted and plaintiff's cause of action against said defendant is hereby dismissed in its entirety with prejudice." Ms. Shackelford now appeals the trial court's order of summary judgment in favor of AP&L. We, however, must dismiss this appeal without prejudice due to a violation of Ark. R. Civ. P. 54(b).

Arkansas Rule of Civil Procedure 54(b) provides in relevant part that:

> any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of *fewer than all the parties* shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adju-

dicating all the claims and the rights and liabilities of all the parties.

(Emphasis added.) It is well settled that the failure to obtain a final order as to all the parties and all the claims, as required by Ark. R. Civ. P. 54(b), renders the matter not final for purposes of appeal. *Hodges v. Huckabee*, 333 Ark. 247, 968 S.W.2d 619 (1998); *Richardson v. Rodgers*, 329 Ark. 402, 947 S.W.2d 778 (1997). Because a violation of Rule 54(b) relates to subject-matter jurisdiction of this court, we must raise the issue on our own. *Hodges, supra; Richardson, supra.*

▪ In the case before us today, it is clear that the trial court has not entered a final order as to the two John Doe defendants. Pursuant to Ark. R. Civ. P. 41(a), a plaintiff may file a motion requesting a voluntary dismissal (or nonsuit) of a claim or claims against one or all of the defendants. As mentioned above, Ms. Shackelford filed such a motion as to the Pattersons, and the trial court entered an order of dismissal as to the Pattersons only on October 6, 1997. Ms. Shackelford, however, did not file a motion for a voluntary dismissal (or nonsuit) as to John Doe 1 and 2. Even if we assume that Ms. Shackelford's second amended and substituted complaint was in the nature of a motion to dismiss her claims against John Doe 1 and 2, there is no order in the record granting such a dismissal against these two defendants. In *Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 954 S.W.2d 939 (1997), we recently held that the mere filing of a motion to dismiss is insufficient to conclude the action. Instead, the claim against the defendant remains until the trial court enters an order of dismissal. *Id.* Stated differently, an order of dismissal (or nonsuit) does not become effective until it is entered. *Id.; see also Standridge v. Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989).

▪ For these reasons, we conclude that Ms. Shackelford's claims against John Doe 1 and 2 are still pending. Because there is not a final order as to these two defendants or a Rule 54(b) certification, we do not have jurisdiction to hear this case. Accordingly, we dismiss this appeal without prejudice so that the trial court may enter a final order as to the remaining defendants, John Doe 1 and 2.

Appeal dismissed without prejudice.