Gary VAN DeVEER *v.* GEORGE'S FLOWERS, INC.,
RTJ, Inc., d/b/a George's Flowers, Inc.,
John Doe Corporation 1 and 2, and John Doe 3;
Wausau Insurance Company and Precision
Glass & Mirror, Inc., *Intervenors*

CA 01–710                                    65 S.W.3d 488

Court of Appeals of Arkansas
Division III
Opinion delivered January 30, 2002

*Taylor Law Firm*, by: *Timothy J. Myers* and *Chris D. Mitchell*, for appellant.

*Davis, Wright, Clark, Butt & Carithers, PLC*, by; *Courtney P. Gilbert*, for appellee.

A NDREE LAYTON ROAF, Judge. Gary Van DeVeer appeals from a summary judgment granted by the Benton County Circuit Court to appellee, RTJ, Inc., d/b/a George's Flowers, Inc. Van DeVeer raises two issues on appeal; however, because the trial court's order fails to resolve the claims against the John Doe defendants, and the claims of the intervenors, we must dismiss the appeal for lack of finality.

The controversy in this case involves injuries Van DeVeer sustained when he fell down a flight of stairs in May 1996 while working on a greenhouse at George's Flowers. Van DeVeer was an employee of Precision Glass and Mirror, Inc. at the time of the accident. Van DeVeer filed a complaint in April 1999 against George's Flowers, Inc., RTJ, Inc. d/b/a George's Flowers, Inc., John Doe Corporation No. 1, John Doe Corporation No. 2, and John Doe No. 3, alleging that his injuries were proximately caused by the negligence of defendants. Precision Glass and Mirror, Inc. and its workers' compensation insurance company, Wausau Insurance Company, filed a motion to intervene, which was granted. RTJ, Inc., d/b/a George's Flowers, filed a motion for summary judgment as a separate defendant, and on March 16, 2001, the trial court entered summary judgment in favor of RTJ, finding that the stairs were an obvious danger and that RTJ owed no duty to warn Van DeVeer. Although the caption of the summary judgment order listed the John Doe defendants and the intervenors, the order only directed that summary judgment be granted in favor of "the defendant" and made no mention of the John Doe defendants or the intervenors. No other order was entered disposing of the claims against the John Doe defendants or dismissing the intervenors' claims.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure—Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. Whether a final judgment, decree, or order exists is a jurisdictional issue that this court has the duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Shackleford v. Arkansas Power & Light Co.*, 334 Ark. 634, 976 S.W.2d 950 (1998); *Mid-State Homes, Inc. v. Beverly*, 20 Ark. App. 213, 727 S.W.2d 142 (1987). The appellate court will not engage in a review of an appellant's claim against some defendants when claims against remaining defendants could possibly be required in the future. *Cortese v. Atlantic Richfield*, 317

Ark. 207, 876 S.W.2d 581 (1994), *appeal dismissed*, 320 Ark. 639, 898 S.W.2d 467 (1995). It is the appellant's burden to produce a record on appeal showing the appellate court's jurisdiction. *Id.* This court cannot step in and resolve the issue by speculating that the unresolved claims may lack viability due to failure of service of process, a statute of limitations bar, or other impediments.

Furthermore, Arkansas Rule of Civil Procedure 54(b) states that an order which disposes of fewer than all of the claims or all of the parties is not a final appealable order unless the court makes an express determination that there is a danger of hardship or injustice which an immediate appeal would alleviate. Dismissal of an appeal is appropriate when all defendants, including John Doe defendants, are not granted summary judgment, leaving claims against certain defendants still pending. *See Hodges v. Huckabee*, 333 Ark. 247, 968 S.W.2d 619 (1998); *see also Shackleford v. Arkansas Power & Light Co.*, *supra*. Also, an order is not appealable under Ark. R. Civ. P. 54(b) when it fails to mention or dispose of an intervenor's claim. *Richardson v. Rodgers*, 329 Ark. 402, 947 S.W.2d 778 (1997).

The record in the present case does not indicate that any orders have been entered by the circuit court disposing of the intervenors' claims or disposing of Van DeVeer's claims against the John Doe defendants. A plaintiff may file a motion requesting a voluntary dismissal of a claim against one or all defendants pursuant to Ark. R. Civ. P. 41(a), but no such order is present in the record in this case. Because there is not a final order as to all parties or a Rule 54(b) certification that would justify an immediate appeal, we do not have jurisdiction to hear this case. Therefore, we dismiss the appeal without prejudice.

Appeal dismissed.

BIRD and PITTMAN, JJ., agree.