# D'ARBONNE CONSTRUCTION CO. *v.*
## Sylvia Leann FOSTER, *et al.*

01-661                                      72 S.W.3d 862

Supreme Court of Arkansas
Opinion delivered April 25, 2002

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Bruce Munson* and *Julia L. Busfield*, for appellants.

*Hamilton & Hamilton*, by: *James A. Hamilton*, for appellee Sylvia Leann Foster.

*Richard Byrd* and *Holiman & Kennedy*, by: *Richard E. Holiman*, for appellees Sherri, Gus and Randy Culbreath.

R AY THORNTON, Justice. The court of appeals certified this case to us for an interpretation of Rule 54(b) of the Arkansas Rules of Civil Procedure. The issue presented is whether the appeal must be dismissed because the names "John Doe 1" and "John Doe 2" remain included in the caption of the case. No specific order was entered by the trial court disposing of any claim that might have been made against the two John Doe defendants, but the matter was completely tried and a verdict was entered which allocated 100 percent of the liability to two named defendants, while dismissing the other named defendant. The jury verdict and order of the trial court resolved all issues relating to all allegations of claims for damages, and no unresolved or unknown claims remain for further disposition. Under these circumstances, we conclude that any claims that might have been asserted against the two unidentified John Does were abandoned, and no issues remain to be decided. We conclude that the trial court entered a final order disposing of each and every claim against each and every party to the litigation, and that Ark. R. Civ. P. 54(b) does not require that the appeal be dismissed. Accordingly, we reassign the case to the court of appeals for decision on the merits of the appeal.

To be appealable, an order must be final. Ark. R. App. P.— Civ. 2. The finality of a trial court's judgment is governed by Ark. R. Civ. P. 54(b) and states in pertinent part:

> (1) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, *or when multiple parties are involved*, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. In the event the court so finds, it shall execute the following certificate . . . [certificate omitted]. 

> (2) Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order or other form of decision is subject to revision at

any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

*Id.* (emphasis added).

▪ The purpose of Rule 54(b) is to prevent piecemeal litigation, and we have refused to engage in a review of an appellant's claim against some defendants when claims against remaining defendants could possibly be asserted in the future. *Shackelford v. Arkansas Power and Light*, 334 Ark. 634, 976 S.W.2d 950 (1998); *See also, Cortese v. Atlantic Richfield*, 317 Ark. 207, 876 S.W.2d 581 (1994). However, this case does not present an order that disposes of less than all of the claims against all of the parties, and therefore there are no remaining issues to be litigated and there is no possibility of piecemeal litigation.

▪ We recently held that John Doe defendants must be formally dismissed from a case when the plaintiff decides not to involve them in the litigation. *Shackelford, supra.* The plaintiff in that case amended the original complaint to exclude two John Doe defendants identified as a boat hoist manufacturer and an electrician. *Id.* This court held that simply amending the complaint, though an indication that the plaintiff meant for them to be dismissed, was not sufficient to dismiss them from the case, and any order that included those defendants in the caption would be invalid until the defendants were formally dismissed. *Id.*

▪ The instant case presents a unique set of facts distinguishing it from *Shackelford. Shackelford* involved the finality of an order of summary judgment. Following the remand of an earlier case, Ms. Shackelford filed an amended complaint naming only AP&L as the defendant. AP&L moved for summary judgment, and Ms. Shackelford verbally assured the court that AP&L was the only defendant. The trial court entered a summary judgement order in favor of AP&L, but the caption to the order listed AP&L, Pat and Carrick Patterson, John Doe 1 and John Doe 2 as the defendants. The body of the summary judgment order referred only to AP&L. Specifically, the last sentence of the order named AP&L as a defendant and dismissed plaintiff's cause of action against that defendant with prejudice. She appealed the order of summary judgment to this court, and we dismissed her appeal

without prejudice due to a violation of Ark. R. Civ. P. 54(b) because the rights and liabilities or claims of fewer than all the parties were resolved. *Id.*

*Shackelford* was decided on the basis of an order granting summary judgment that did not formally dispose of all possible claims against all other defendants, rather than as in this case where there was a complete trial, jury verdict, and an order allotting 100 percent of the liability between two defendants and deciding all issues relating to damages. In the instant case, the jury filled out a verdict form where the defendant parties were specifically identified. The form read as follows:

INTERROGATORY NO. 1

Do you find from a preponderance of the evidence that defendant, Lee Earnest Johnson was negligent and that his negligence was a proximate cause of the occurrence?
Answer yes or no:

*YES*                              /s/ Jerry Hudson
                                   FOREPERSON

INTERROGATORY NO. 2

Do you find from a preponderance of the evidence that defendant D'Arbonne Construction Company was negligent and that its negligence was a proximate cause of the occurrence?
Answer yes or no:

*YES*                              /s/ Jerry Hudson
                                   FOREPERSON

INTERROGATORY NO. 3

Do you find from a preponderance of the evidence that defendant, Warner Canley was negligent and that his negligence was a proximate cause of the occurrence?
Answer yes or no:

*NO*                               /s/ Jerry Hudson
                                   FOREPERSON

[Jurors' names omitted.]

INTERROGATORY NO. 4

If you answered "yes" to more than one of the first three interrogatories, then answer the following interrogatory: Using 100% as a whole, what percent of negligence which was a proximate cause of the occurrence, do you place on the defendants that you found in the first four interrogatories to have negligently caused this occurrence? Answer in percentages. Your answer must total 100%.

*50%* LEE EARNEST JOHNSON

*50%* D'ARBONNE CONSTRUCTION

*0%* WARNER CANLEY

*100%* TOTAL                          /s/ Jerry Hudson
                                      FOREPERSON

[Jurors' names omitted.]

INTERROGATORY NO. 5

Do you find that Lee Earnest Johnson was acting as an agent of the defendant, Caskey Terral, D/B/A Terral Logging at the time of the occurrence?
Answer yes or no:

*NO*                                  /s/Jerry Hudson
                                      FOREPERSON

[Jurors' names omitted.]

INTERROGATORY NO. 6

Do you find that D'Arbonne Construction Company, Inc., was acting as an agent of the defendant, Caskey Terral, D/B/A Terral Logging at the time of the occurrence?
Answer yes or no:

*NO*                                  /s/Jerry Hudson
                                      FOREPERSON

[Jurors' names omitted.]

As is clear from the verdict form, all claims were decided, and all issues relating to the parties were disposed of. In addition to naming the defendant parties, the verdict form apportioned damages to each of the defendants in the case, settling the issue of damages. Unlike *Shackelford*, this case was completely tried, the verdict

apportioned 100 percent of the liability and damages, and no unresolved claims remained. The plaintiffs never identified the John Doe defendants, the amended complaint eliminated all references to any claims against them, and the case proceeded to trial with no claims asserted against the John Does. All claims against the John Doe defendants were abandoned before the commencement of the trial, and extinguished by the verdict allotting 100 percent of the liability to named defendants. That conclusion resolves the issue before us, and is entirely consistent with a strict interpretation of Rule 54(b). We conclude there is no need for dismissal based upon these facts.

Furthermore, there is the issue of the status of the two John Doe defendants. The language of Ark. R. Civ. P 54(b) addresses party litigants only. The two John Doe defendants were never identified or served in accordance with Ark. R. Civ. P. 4(f), and were never made parties to this action. The record reflects that appellees successfully served the named defendants D'Arbonne Construction, Caskey Terral, and Earnest Lee Johnson. Nothing in the record reflects even attempted service upon the John Does by warning order or otherwise. While there is no required time for service of an unknown John Doe, certainly such service must be obtained before the conclusion of the litigation for the John Does to become parties to the litigation. Without having ever made the John Does parties to this litigation, appellee was under no obligation to file a nonsuit requesting voluntary dismissal pursuant to Ark. R. Civ. P. 41(a).

Because of the total abandonment of any claims against the John Doe defendants, because of the specific allotment of 100 percent of the liability to the named defendants on the verdict forms, and because the John Doe defendants were never made parties to this litigation, we conclude that the trial court's order appealed from was a final order disposing of every claim against any and all parties to the litigation. To rule otherwise would contravene the judicial economy that Rule 54(b) was intended to encourage. Under these circumstances, we hold that Ark. R. Civ. P. 54(b) does not require that the appeal be dismissed. Accordingly, we reassign the case to the court of appeals for decision on the merits of the appeal.

IMBER, J., dissents.

ANNABELLE CLINTON IMBER, Justice, dissenting. This appeal should be dismissed under Ark. R. Civ. P. 54(b). The majority mistakenly concludes that the amended complaint eliminated all references to the John Doe defendants and the case proceeded to trial with no claims asserted against the John Does. The amended complaint was not designated an "amended and substituted" complaint, and it retained the two John Doe defendants in the style of the complaint. Therefore, it is not clear whether the claims asserted in the original complaint, including the claims asserted against the John Doe defendants, were still pending at the time of trial. Likewise, the pleadings do not support the majority's conclusion that all claims against the John Doe defendants were abandoned before the commencement of the trial.

Recently, in *Shackelford v. Arkansas Power & Light Co.*, 334 Ark. 634, 976 S.W.2d 950 (1998), we concluded that claims against two John Doe defendants were still pending, and that there was no final order as to the two unknown defendants or a Rule 54(b) certification. We therefore held that this court did not have jurisdiction to hear the case, and we dismissed the appeal without prejudice so that the trial court could enter a final order as to the remaining defendants, John Doe 1 and 2. *Id.* Similarly, this case still has pending claims against John Doe 1 and 2, and there is no final order as to the two John Doe defendants or a Rule 54(b) certification. The majority's opinion ignores the plain language of Rule 54(b) that provides:

> Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

Ark. R. Civ. P. 54(b)(2) (2001). The majority's opinion also, *sub silentio*, overrules *Shackelford v. Arkansas Power & Light Co., supra.* Furthermore, the majority incorrectly holds that service on John Doe defendants must be obtained before the conclusion of the litigation under Ark. R. Civ. P. 4(f) (2001). Rule 4(f) provides for service by warning order upon a defendant whose identity or whereabouts remains unknown. However, the last sentence in Rule 4(f)(1) expressly states: "This subsection shall not apply to actions against unknown tort-feasors." Ark. R. Civ. P. 4(f)(1) (2001). Thus, Rule 4(f) does not require service by warning order upon the unknown tortfeasors in the instant case. As the majority points out, there is no time limit for service on John Doe defendants. After Rule 4(i) establishes the 120-day time limit in which defendants must be served after the filing of the complaint, the last sentence of that subsection states: "This paragraph shall not apply . . . to complaints filed against unknown tortfeasors." Ark. R. Civ. P. 4(i) (2001). Rule 4 of the Arkansas Rules of Civil Procedure simply sets no deadline for serving an unknown tortfeasor.

Based upon the plain language of our rules of civil procedure and our decision in *Shackelford v. Arkansas Power & Light Co., supra,* we do not have jurisdiction to hear this case and should dismiss this appeal without prejudice so that the trial court may enter a final order as to the remaining defendants, John Doe 1 and 2.

I respectfully dissent.