Terry FOREMAN, Roy Dale McGuire, and Tervonne McGuire *v.*
ARKANSAS DEPARTMENT OF HUMAN SERVICES

CA 01-1175                                    82 S.W.3d 176

Court of Appeals of Arkansas
Division I
Opinion delivered June 19, 2002

*Shannon S. Blatt*, for appellant.

*Dana McClain*, for appellee.

JOHN F. STROUD, JR., Chief Judge. Appellant Terry Foreman is the mother of the two children involved in this case, T.M. and M.M. Appellee, Department of Human Services, filed petitions for emergency custody of the children on May 7, 1999. The orders for emergency custody were granted the same day; the probable cause orders were entered on May 19, 1999; and the

adjudication orders were both filed on June 17, 1999, finding that the children were dependent-neglected and that return to the custody of the parents was contrary to the health, safety, and best interests of the children. Allegations of sexual abuse involving Carl Foreman, the children's stepfather, arose after the children were placed in appellee's custody. At the Foremans' request, a hearing was held on the sexual abuse allegations on June 13, 2001. On June 20, 2001, appellee filed a petition for termination of parental rights, which was subsequently amended. In an order entered July 3, 2001, the trial court specifically found that "the Department has proven by a preponderance of the evidence that the herein juveniles were sexually abused and that the Defendant, Carl Foreman, was the perpetrator." Appellant appeals from this order. We are without jurisdiction to hear the appeal because the order is not final. We therefore dismiss the appeal.

Whether an order is final and appealable is a matter going to the jurisdiction of the appellate court, and it is an issue that the appellate court has a duty to raise on its own motion. *Capitol Life & Acc. Ins. Co. v. Phelps*, 72 Ark. App. 464, 37 S.W.3d 692 (2001). The rule that an order must be final to be appealable is a jurisdictional requirement, observed to avoid piecemeal litigation. *Id.* For an order to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.* An order must be of such a nature as to not only decide the rights of the parties, but also to put the court's directive into execution, ending the litigation or a separable part of it. *Id.* When the order appealed from reflects that further proceedings are pending, which do not involve merely collateral matters, the order is not final *Id.* Moreover, Rule 2 of our Rules of Appellate Procedure—Civil addresses appealable matters. Rule 2(c) specifically addresses appeals from juvenile court:

> (c) All appeals from juvenile court shall be made in the same time and manner provided for appeals from chancery court.
>
> (1) In delinquency cases, the state may appeal only under those circumstances that would permit the state to appeal in criminal proceedings.

(2) Pending an appeal from any case involving a juvenile out-of-home placement, the juvenile court retains jurisdiction to conduct review hearings.

*(3) In juvenile cases where an out-of-home placement has been ordered, orders resulting from the hearings set below are final appealable orders:*

*(A) adjudication and disposition hearings;*

*(B) review and permanency planning hearings if the court directs entry of a final judgment as to one or more of the issues or parties and upon express determination supported by factual findings that there is no just reason for delay of an appeal, in accordance with Ark. R. Civ. P. Rule 54(b); and*

*(C) termination of parental rights.*

(Emphasis added.)

Here, the appealed July 3, 2001 order clearly does not arise from an adjudication hearing under subsection (c)(3)(A) of Rule 2 because the adjudication orders had been entered for more than two years. Neither does it arise from a disposition hearing under subsection (c)(3)(A) because it does not determine what action is to be taken in these dependency–neglect cases. *See* Ark. Code Ann. § 9–27–303(4) & (20) (Repl. 2002). Moreover, the order does not contain a Rule 54(b) certification so it cannot satisfy subsection (c)(3)(B) of Rule 2. Finally, the order does not satisfy subsection (c)(3)(C) of Rule 2 because it does not terminate parental rights. In fact, the order provides that jurisdiction of the matter is continued and that a hearing shall be held on the petition to terminate parental rights on Friday, September 21, 2001. Consequently, the order satisfies none of the requirements for finality, and we are required to dismiss the appeal for lack of jurisdiction.

Dismissed.

BIRD and CRABTREE, JJ., agree.