Darwin McKIBBEN, Executor of
the Estate of Susan McKibben, *Deceased v.*
Dr. R. Jay MULLIS and John Does Nos. 1-10

CA 02-130                                    90 S.W.3d 442

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered November 6, 2002

*Law Offices of Charles Karr, P.A.*, by: *Charles Karr* and *Shane Roughley*, for appellant.

*Davis, Wright, Clark, Butt & Carithers, PLC*, by: *Constance G. Clark* and *Kelly Carithers*, for appellee Dr. R. Jay Mullis.

OLLY NEAL, Judge. Appellant, Darwin McKibben, appeals from an order of dismissal without prejudice granted by the Washington County Circuit Court to appellee, Dr. R. Jay Mullis. Because appellant's original complaint was a nullity, we must affirm.

Appellant is the widower of Susan McKibben, who died on September 21, 1998. Appellee was one of Susan McKibben's treating physicians whose care appellant alleges led to her death. On August 28, 2000, appellant filed a wrongful-death action against appellee and John Does No. 1-10, alleging *inter alia* that appellee breached the standard of care and was negligent in his care and treatment of the deceased. In the complaint, appellant claimed that he was the executor of his wife's estate, and the caption was so styled. However, appellant was not appointed executor of his wife's estate by the probate court until February 13, 2001.

On February 14, 2001, appellee filed a motion to dismiss appellant's complaint on the grounds that the complaint was barred by the statute of limitations and that appellant lacked standing to bring the action as he was not, at the time the complaint was filed, the executor of the deceased's estate. The trial court dismissed appellant's complaint without prejudice, finding that appellant lacked standing to bring the action because he was not the personal representative of the estate at the time the suit was filed. This appeal followed.

On appeal, appellant argues that the trial court erred in granting appellee's motion to dismiss. In rebuttal, appellee argues that the order of dismissal entered by the trial court is not a final and appealable order. Alternatively, appellee argues that the trial court correctly dismissed. the plaintiff's complaint on the ground that appellant lacked standing to pursue a wrongful death action. We first address appellee's argument that the trial court's order of dismissal is not a final and appealable order.

■ ■ Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure—Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. *De Veer v. George's Flower, Inc.*, 76 Ark. App. 408, 65 S.W.3d 488 (2002). Dismissal of an appeal is appropriate when all defendants, including John Doe defendants, are not granted summary judgment, leaving claims against certain defendants still pending. *Id.*

■ In *D'Arbonne Construction Co. v. Foster*, 348 Ark. 375, 72 S.W.3d 862 (2002), the supreme court considered the finality of an order where a verdict allocated one hundred percent liability to two named defendants and dismissed the other named defendant, but no specific order had been entered by the trial court disposing of any claims that might have been asserted against two John Doe defendants. The court wrote:

> To be appealable, an order must be final. Ark. R. App. P.—Civ. 2. The finality of a trial court's judgment is governed by Ark. R. Civ. P. 54(b) and states in pertinent part:
>
> > (1) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, *or when multiple parties are involved,* the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. In the event the court so finds, it shall execute the following certificate . . . [certificate omitted].
> >
> > (2) Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order or other form of decision, however designated, which adjudicates fewer than

all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

*Id.* (Emphasis added.)

The purpose of Rule 54(b) is to prevent piecemeal litigation, and we have refused to engage in a review of an appellant's claim against some defendants when claims against remaining defendants could possibly be asserted in the future. *Shackelford v. Arkansas Power and Light,* 334 Ark. 634, 976 S.W.2d 950 (1998); *See also, Cortese v. Atlantic Richfield,* 317 Ark. 207, 876 S.W.2d 581 (1994). However, this case does not present an order that disposes of less than all of the claims against all of the parties, and therefore there are no remaining issues to be litigated and there is no possibility of piecemeal litigation.

348 Ark. at 377-78, 72 S.W.3d at 863.

■ Applying Rule 54(b) of the Arkansas Rules of Civil Procedure and the guidance of the *D'Arbonne* court, it is clear in the present case that the dismissal of appellant's claim for lack of standing concludes all claims against all parties because the original complaint was a nullity. There can be no John Does or other defendants to a nonexistent suit. Therefore, the order of dismissal entered by the trial court was final.

■ The wrongful-death statute under which appellant sought relief requires that wrongful-death actions be brought by and in the name of the personal representative of the deceased person; if there is no personal representative, the action shall be brought by the heirs at law of the deceased person. Ark. Code Ann. § 16-62-102(b) (Supp. 1997). In *St. Paul Mercury Insurance Co. v. Circuit Court of Craighead County,* 348 Ark. 197, 73 S.W.3d 584 (2002), our supreme court granted a writ of prohibition to St. Paul Mercury Insurance Company, preventing the Craighead County Circuit Court from hearing a survival action. In *St. Paul Mercury,* our supreme court stated:

> A survival action is a statutory action, which may be brought after the person's death by his or her executor or administrator. Because the survival action, just as a wrongful-death action, is a creation of statute, it only exists in the manner and form prescribed by the statute. It is in derogation of the common law and must be strictly construed, and nothing may be taken as intended that it is not clearly expressed.

348 Ark. at 204, 73 S.W.3d at 588. As previously mentioned, appellant had not been appointed executor by the probate court at the time he originally filed the complaint as executor, and there were other heirs at law. Therefore, because appellant failed to meet the statutory requirements of section 16-62-102, he lacked standing to pursue the wrongful-death action, and the original complaint was a nullity.

Appellant asserts that when the probate court appointed him executor of his wife's estate on February 13, 2001, it related back to the original complaint. In *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002), where non-lawyer estate administrators filed a wrongful-death complaint, our supreme court stated, "[B]ecause the original complaint, as a nullity never existed, . . ., an amended complaint cannot relate back to something that never existed, nor can a nonexistent complaint be corrected." 348 Ark. at 164, 72 S.W.3d at 94. The *Davenport* court affirmed the dismissal of the case and the trial court's finding that subsequent pleadings filed by attorneys could not relate back to the original complaint. Likewise, in the present case, the appointment of appellant as executor did not relate back to the filing of the original complaint because the complaint was a nullity.

Affirmed.

JENNINGS, BIRD, VAUGHT, and CRABTREE, JJ., agree.

BAKER, J., dissents.

KAREN R. BAKER, Judge, dissenting. The majority opinion is flawed in three respects. First and foremost, the majority opinion incorrectly concludes that the order of dismissal adjudicated "all claims against all parties." The majority

opinion, in effect, enters a final order as to John Does Nos. 1-10, despite the fact that the order of the trial court did not address the complaint against the John Doe defendants. This court has no jurisdiction to address and resolve that issue on its own. This appeal should be dismissed without prejudice due to a violation of Ark. R. Civ. P. 54(b).

It is well settled that the failure to obtain a final order as to all the parties and all the claims, as required by Ark. R. Civ. P. 54(b), renders the matter not final for purposes of appeal. *Shackelford v. Arkansas Power & Light Co.*, 334 Ark. 634, 635-36, 976 S.W.2d 950, 951 (1998). Whether an order is final and appealable is a matter going to the jurisdiction of the appellate court, and thus the appellate court can raise this issue on its own. *Foreman v. Arkansas Dep't of Human Servs.*, 78 Ark. App. 48, 82 S.W.3d 176 (2002). For an order to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their right to the subject matter in controversy. *Id.* Further, the fundamental policy behind Rule 54(b) is to prevent "piecemeal appeals while portions of the litigation remain unresolved." *Maroney v. City of Malvern*, 317 Ark. 177, 180, 876 S.W.2d 585, 587 (1994) (citing Reporter's Notes to Ark. R. Civ. P. 54(b)). This case presents just the set of circumstances that Rule 54(b) was designed to prevent.

In its analysis, the majority relies heavily on *D'Arbonne Constr. Co. v. Foster*, 348 Ark. 375, 72 S.W.3d 862 (2002). However, the facts set forth in *D'Arbonne* are "unique," as is specifically noted by the majority in that opinion. 348 Ark. at 378, 72 S.W.3d at 864. Consequently, it is clearly distinguishable from this case. In *D'Arbonne*, the issue presented was whether the appeal must be dismissed because the names "John Doe 1" and "John Doe 2" remained included in the caption of the case. 348 Ark. at 377, 72 S.W.3d at 863. No specific order was entered by the trial court disposing of any claim that might have been made against the two John Doe defendants. *Id.* The supreme court held that the trial court entered a final order disposing of each and every claim against each and every party to the litigation, and that

Ark. R. Civ. P. 54(b) did not require that the appeal be dismissed. *Id.* Unlike this case, *D'Arbonne* was completely tried, the verdict apportioned one hundred percent of the liability and damages, and no unresolved claims remained. With one hundred percent of the liability and damages apportioned between the named defendants, the jury verdict implicitly found that no John Doe was liable to the plaintiff; the supreme court merely recognized that the jury verdict had in fact resolved the claims against the John Does despite the omission of a citation in the order specifically dismissing those claims. 348 Ark. at 380-81, 72 S.W.3d at 865. Because of the total abandonment of any claims against the John Doe defendants and because of the specific allotment of one hundred percent of the liability to the named defendants on the verdict forms and in the order of the trial court, all claims against all parties were disposed of, and no unresolved or unknown claims remained for further disposition. 348 Ark. at 381, 72 S.W.3d at 865. To rule otherwise would contravene the judicial economy that Rule 54(b) was intended to encourage. *Id.* Therefore, the holding in *D'Arbonne* is limited to the unique facts in that case.

The majority, however, ignores and fails to distinguish *Shackelford v. Arkansas Power & Light Co.*, 334 Ark. 634, 976 S.W.2d 950 (1998). *Shackelford*, which is strikingly similar to this case, involved the finality of an order of summary judgment. The trial court granted summary judgment in favor of defendant AP&L, but the caption to the order listed AP&L, Pat and Carrick Patterson, John Doe 1 and John Doe 2 as the defendants. The body of the summary judgment order referred only to AP&L. Specifically, the last sentence of the order named AP&L as a defendant and dismissed plaintiff's cause of action against that defendant with prejudice. Our supreme court dismissed the appeal without prejudice due to a violation of Ark. R. Civ. P. 54(b) because the rights and liabilities or claims of fewer than all the parties were resolved. *Shackelford* was decided on the basis of an order granting summary judgment that did not formally dispose of all possible claims against all other defendants.

In this case, as in *Shackelford*, the court did not dismiss John Does 1-10 in the order granting the motion to dismiss. The John Does were listed in the caption of the order of dismissal. However, the order itself repeatedly referred to a single defendant, Dr. Jay Mullis. Other than the caption, the order contains no mention of the John Does. The next to the last line of the order states that "the defendant's Motion to Dismiss the Complaint . . . is granted, said dismissal to be without prejudice." Moreover, there is nothing in the record to suggest that appellant requested a voluntary dismissal of the John Does pursuant to Ark. R. Civ. P. 41(a). Therefore, appellant's claims against John Does 1-10 are still pending. Due to the lack of a final and appealable order or a Rule 54(b) certification, we do not have jurisdiction to hear this case, and this appeal should be dismissed without prejudice so that the trial court may make rulings as to John Does 1-10.

Second, the majority opinion is flawed in that the entire opinion is premised on the incorrect conclusion that the original complaint is a nullity. However, the majority does not explain *how* the complaint is a nullity, most likely because it is impossible to do so. The majority cites *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark 197, 73 S.W.3d 584 (2002), in support of the position that "because appellant failed to meet the statutory requirements of the wrongful-death statute, he lacked standing to pursue a wrongful-death action, and the original complaint was a nullity."

However, *St. Paul Mercury Ins.* was a survival action where the court held that the *pro se* plaintiffs (deceased's parents and other heirs) who filed a medical malpractice complaint were without standing; thus, the complaint was a nullity because the deceased's daughter, who was not one of the original plaintiffs, had already been appointed as administratix, and she was the only one who could file a survival action under the statute. These are critical distinctions that make *St. Paul Mercury Ins.* inapplicable to the facts at hand. The cause of action in *St. Paul Mercury Ins.* is a survival action. Unlike a wrongful death action, the statute applicable to a survival action mandates that it be brought after the

person's death by his or her executor or administrator alone. *See* Ark. Code Ann. § 16-62-101 (Supp. 2001). A wrongful death action is not so limited. Under Ark. Code Ann. § 16-62-102(b) (Supp. 2001), a wrongful-death suit must be brought by and in the name of the personal representative of the deceased person *or* by the heirs at law of the deceased person. (Emphasis added). *See Ramirez v. White Cty. Cir. Ct.*, 343 Ark. 372, 38 S.W.3d 298 (2001) (holding that where the heirs at law of the deceased were bringing an action for wrongful death, it shall be brought by all the heirs at law). In *St. Paul Mercury Ins.*, some of the heirs brought a survival action, but the supreme court noted that at the time the complaint was filed, the one heir who had been appointed as administratrix for the deceased's estate was not included. The survival statute allowed only the administrator to bring the suit, and the supreme court in reaching its conclusion relied on the fact that the administrator was not a party to the original complaint at all. The implication is that the supreme court's decision may very well have been different had the daughter, who had also been named personal representative, been an original party. In *St. Paul Mercury Ins.*, the court discussed:

> Rule 15 applies, for example, when an amendment permissibly changes the party against whom the claim is asserted or adds a party after the statute of limitations has run, and it may relate back to the time of filing of the original complaint. Rule 15 makes liberal provision for amendments to pleadings and even allows a plaintiff to amend to add new claims arising out of the conduct alleged in the initial valid complaint. These cases, and the cited case law, all deal with a plaintiff amending an existing valid pleading to state a new cause of action against a defendant or to add a new defendant where proper. Rule 15 simply would not help the appellees in this case because there was no pleading to amend when the Thomases filed their "amended complaint" as administrators.

348 Ark. at 204-05, 73 S.W.3d at 588 (citations omitted).

The concurring opinion by Justice Imber expounds on this interaction:

The commentary to the 1966 amendments to Fed. R. Civ. P. 15(c), which have been adopted by this court, states that the rule applies by analogy to plaintiffs in order to effectuate the policy of liberalized requirements of pleading.

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. Also relevant is the amendment of Rule 17(a) (real party in interest). To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect in the manner there stated.

> Thus, the commentary indicates that Rule 15(c) may operate to permit amendments changing plaintiffs to relate back and illustrates that intent by pointing to related provisions in revised Rule 17(a). Rule 17 of the Arkansas Rules of Civil Procedure is a slightly modified version of Fed. R. Civ. P. 17.

> The interaction between Rule 15(c) and Rule 17(a) in the context of new plaintiffs has been addressed by the federal appellate courts. In that regard, these rules have been construed as being designed for a twofold purpose: 1) to further a lenient and permissive purpose with respect to a real party in interest; and 2) to protect the defendant against a subsequent action by another party, and to insure generally that the judgment will have its proper effect as res judicata.

> In the *Crowder* case, the Eighth Circuit Court of Appeals allowed an administratrix to amend her timely-filed wrongful-death complaint after the statute of limitations had run and to substitute herself as the mother and next friend of the decedent's two minor children. *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413 (8th Cir. 1967). The appellate court stated that Rules 15(c) and 17(a) were designed for relation back "to prevent forfeiture when determination of

the proper party to sue is difficult or when an understandable mistake has been made." The *Crowder* court determined that the plaintiff's mistake in bringing the action initially in the name of the administratrix was "understandable and excusable." That case included a conflicts-of-law question with respect to whether Arkansas or Missouri law governed, and each state's wrongful-death statute placed the cause of action in a different party.

348 Ark. at 209-10, 73 S.W.3d at 592 (Imber, J., opinion) (citations omitted).

As already noted, Arkansas's Rule 17 is virtually identical to the federal rule. Thus,

Rule 17(a) may operate to permit a plaintiff to be substituted for another plaintiff and the substitution would have the "same effect as if the action had been commenced by the real party in interest." The Advisory Committee Notes to Rule 17 of the Federal Rules of Civil Procedure delineate the governing principles: "Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed . . ."; and the rule is "intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made."

348 Ark. at 211-12, 73 S.W.3d at 593 (Imber, J., opinion) (citations omitted).

Here, at the time the complaint was filed, appellant, being an heir of the deceased, had the authority under the wrongful-death statute to bring the suit as an heir at law; however, he failed to include all of the heirs at law in the original complaint. The failure to name all of the necessary parties in a law suit in no way renders the action a nullity. As the court in *St. Paul Mercury Ins.* discussed, we have specific procedural rules designed to address that very issue. Not only was the failure to name all the heirs not fatal, but this specific heir was later appointed personal representative by the probate court, thus giving him the authority under the wrongful death statute to bring the suit as the personal representa-

tive. In fact, his appointment as personal representative preceded the filing of appellee's motion to dismiss.

This case presents the problematic situation that the procedural rules were designed to address. The decision in *St. Paul Mercury Ins.*, particularly the concurring opinion's citation to a wrongful death complaint allowing relation back to prevent forfeiture of the claim, makes it clear that these procedural rules should be applied to avoid forfeiture of the case, not ignored as the majority has done to summarily conclude that the case is a nullity.

Third, the majority's analysis is flawed in its reliance on *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002), in support of the proposition that the complaint in this case was a nullity which could not be amended and thus, no amendment could relate back to the original complaint. The majority opinion ignores the fact that the original complaint in *Davenport* was deemed nonexistent because it was filed by a *pro se* plaintiff engaged in the unauthorized practice of law. The supreme court in *Davenport* engaged in an analysis of whether Arkansas would follow other jurisdictions taking the position that the unauthorized practice of law results in a nullity or the position that the unauthorized practice of law results in a amendable defect. In choosing to deem the proceeding a nullity, the court stated:

> It is axiomatic that it is illegal to practice law in Arkansas without a license. *See* Ark. Code Ann. § 16-22-206 (1987); *All City Glass & Mirror, Inc. v. McGraw Hill Info. Sys. Co.*, 295 Ark. 520, 750 S.W.2d 395 (1988). In discussing the appropriate remedy for such illegal practice, this court has stated:
>
>> It is widely held in other jurisdictions that proceedings in a suit instituted or conducted by one not entitled to practice are a nullity, and if appropriate steps are timely taken the suit may be dismissed, a judgment in the cause reversed, or the steps of the unauthorized practitioner disregarded. *McKenzie v. Burris*, 255 Ark. 330, 333, 500 S.W.2d 357, 359-60 (1973).

348 Ark. at 162, 72 S.W.3d at 92-3. Furthermore, the court stated:

[It] must remain cognizant of its duty to protect the interests of the public through the regulation of the practice of law. 348 Ark. at 163, 72 S.W.3d at 93. The power to regulate and define the practice of law is a prerogative of the judicial department as one of the divisions of government. *See Wilson v. Neal*, 341 Ark. 282, 16 S.W.3d 228 (2000), *cert. denied*, 532 U.S. 919, 121 S.Ct. 1355, 149 L.Ed.2d 285 (2001); *Weems v. Supreme Ct. Comm. on Prof. Conduct*, 257 Ark. 673, 523 S.W.2d 900, *reh'g denied*, 257 Ark. 685-A, 523 S.W.2d 900 (1975). Amendment 28 to the Arkansas Constitution specifically details our duty in this regard and states: "The Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law." This court accepted the responsibility assigned to it by the constitution and set the standards high in order to protect the public, as well as the integrity of the legal profession. *Wilson*, 341 Ark. 282, 16 S.W.3d 228. In light of our duty to ensure that parties are represented by people knowledgeable and trained in the law, we cannot say that the unauthorized practice of law simply results in an amendable defect. Where a party not licensed to practice law in this state attempts to represent the interests of others by submitting himself or herself to jurisdiction of a court, those actions such as the filing of pleadings, are rendered a nullity.

348 Ark. at 163-64, 72 S.W.3d at 93-4.

The supreme court chose to treat the complaint in *Davenport* as a nullity based on its duty to protect the public and the integrity of the legal profession from the unauthorized practice of law. No one argues that public policy demands that the complaint in this case be deemed a nullity in order to protect the public or the integrity of the legal profession. In the case at hand, appellant has not engaged in the unauthorized practice of law or any other conduct that threatens the justice system. Here, we have only a plaintiff who mistakenly filed a complaint as the personal representative of his wife's estate, although at the time the complaint was filed he had not yet been appointed. Following his appointment as personal representative, there was no longer a need to amend the original complaint to include the other heirs at law, because the wrongful-death statute allows him to pursue the action as the personal representative.

For the foregoing reasons, I respectfully dissent.