Angelique Voss MOSES *v.* HANNA'S CANDLE COMPANY

02-748                                                110 S.W.3d 725

Supreme Court of Arkansas
Opinion delivered May 1, 2003

*Taylor Law Firm,* by: *Timothy L. Brooks* and *Chris D. Mitchell*; and *Rose & Woods,* by: *Rick E. Woods,* for appellant.

*Wright, Lindsey & Jennings LLP,* by: *Gordon S. Rather, Jr.* and *Troy A. Price,* for appellees.

JIM HANNAH, Justice. Appellant Angelique Voss Moses appeals a Washington County Circuit Court order granting summary judgment in favor of Appellees Hanna's Candle Co. ("HCC"), and Burt Hanna, individually. Moses raises three points on appeal. She argues that the circuit court erred as a matter of law in ruling that Ark. Code Ann. § 11-9-105(a) (Supp. 1995), does not unconstitutionally deprive Moses of a tort remedy against a non-employer, in violation of article 5, section 32, of the Arkansas Constitution. In addition, Moses argues that the circuit court erred as a matter of law in ruling that the dual-persona doctrine has been abrogated, thus barring her from seeking a tort remedy from the appellees. Finally, Moses argues that the exclusivity provision of the Workers' Compensation Act creates an outcome that is contrary to both the stated goals of the Workers' Compensation Act and the deterrent nature of the Products Liability Act and, as such, is contrary to public policy.

We do not reach the merits of this case because the order granting summary judgment to HCC and Burt Hanna, individually, is not a final, appealable order, as required by Ark. R. App. P.—Civ. 2 (2002), and Ark. R. Civ. P. 54(b) (2002). Therefore, we must dismiss this appeal for lack of finality.

*Facts*

Because we do not address the merits of this case, our recitation of facts will be limited to those facts which pertain to the issue of finality. In November 1997, Moses was employed by Volt Services Group ("Volt"). Volt provided temporary workers to HCC for HCC's candle-making facility in Fayetteville, Arkansas. On November 20, 1997, Moses was working on a production line at

HCC when her hand was caught in a candle press machine, causing an injury which later resulted in the amputation of her right hand.

On November 15, 2000, Moses filed a complaint in which she alleged a products liability cause of action against Hanna's Potpourri Specialties, Inc.;[1] HCC, Hanna Wax Corp., Burt Hanna, LLC; Burt Hanna, individually; and John Does 1-10. Subsequently, on May 4, 2001, the circuit court entered an order dismissing separate defendants Hanna Wax Corp., and Burt Hanna, LLC. After this order was entered, the remaining defendants were HCC, Burt Hanna, individually, and John Does 1-10.

HCC and Burt Hanna, individually, filed a motion for summary judgment. The circuit court entered an order granting summary judgment in favor of HCC and Burt Hanna, individually, on March 6, 2002. The record indicates that the circuit court has not entered a final order as to John Does 1-10. In addition, this appeal was not certified pursuant to Rule 54(b).

## Rule 54(b)

■ ■ Although neither party raises the issue, the question of whether an order is final and subject to appeal is a jurisdictional question which the court will raise *sua sponte. Reed v. Ark. State Highway Comm'n*, 341 Ark. 470, 17 S.W.3d 488 (2000). Rule 54(b) of the Arkansas Rules of Civil Procedure provides, in pertinent part, that

> any . . . order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and lia-' bilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the . . . order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Before an appeal may be taken from a final judgment as to one or more but fewer than all of the claims or parties, the circuit court must certify the judgment for appeal. *Id.*

---

[1] HCC was formerly called Hanna's Potpourri Specialties, Inc.

In *Shackelford v. Arkansas Power & Light Co.*, 334 Ark. 634, 976 S.W.2d 950 (1998), a case which is factually similar to the present case, we dismissed an appeal of an order of summary judgment because the appellant failed to obtain a final order as to two John Doe defendants. We found that there was no order in the record granting a dismissal to the two John Doe defendants, and we concluded that the claims against the two John Doe defendants were still pending. *Shackelford*, 334 Ark. at 636. We stated: "Because there is not a final order as to these two defendants or a Rule 54(b) certification, we do not have jurisdiction to hear this case." *Id.*

In the present case, there is neither a final order as to John Does 1-10, nor is there a Rule 54(b) certification. Accordingly, we do not have jurisdiction to hear this case.

Appeal dismissed without prejudice.