STATE of Arkansas Office of Child Support Enforcement
*v.* John M. MORRISON

94-344                                               885 S.W.2d 900

Supreme Court of Arkansas
Opinion delivered November 7, 1994

*Steve C. Jennings*, Dep't of Finance and Administration, for appellant.

*Byron Thomason*, for appellee.

ROBERT H. DUDLEY, Justice. In March of 1992, a mother assigned her right to establish paternity of her son, and her right to collect child support, to the State of Arkansas's Office of Child Support Enforcement. In April 1992, the Office of Child Support Enforcement, appellant, filed a paternity suit against John M. Morrison, appellee. In the suit, appellant Office sought a declaration of paternity, current and back child support, lying-in expenses, health care insurance, and costs. The chancellor heard the case, determined paternity, and, in order to immediately start child support payments, set the amount of child support appellee Morrison currently is to pay. The chancellor's initial order, entered on October 5, 1993, provided that "the issue of reimbursement of back child support, medicaid expenses, or AFDC benefits paid by the plaintiff on behalf of the aforesaid child is hereby reserved for litigation at a later date."

The parties disputed a part of the initial order, and, on December 3, 1993, the chancellor entered a modified order. The second order provides, "[I]n order to commence child support payments by the defendant, the parties agree that the three (3) paragraphs set out above and the issues related thereto shall not be made a part of this order. However, this order shall not act as a final order thereon, whereby the three paragraphs (3) above and the issues related thereto shall be reviewed by this court at a later date convenient with this court and the parties."

The Office of Child Support Enforcement seeks to appeal from the second order. We dismiss the appeal. This court has long held that the record must disclose a final adjudication of the matter in controversy between the parties for this court to have jurisdiction. *Campbell* v. *Sneed*, 5 Ark. 398 (1843). This requirement is now a part of the Arkansas Rules of Appellate Procedure. Ark. R. App. P. 2(a). An order which adjudicates fewer than all of the claims of the parties does not terminate the action. ARCP Rule 54(b). It is not enough to decide some of the claims. *See Parks* v. *Hillhaven Nursing Home*, 309 Ark. 373, 829 S.W.2d 419 (1992). The trial court may direct final judgment

with regard to fewer than all of the claims by an express deter-
mination that there is no just reason for delay. ARCP Rule 54(b).
When an appropriate certification is made by the trial court, we
will consider the judgment final for purposes of appeal. *See Ark-
hola Sand & Gravel Co.* v. *Hutchinson*, 291 Ark. 570, 726 S.W.2d
674 (1987). The failure to comply with Rule 54(b) presents a
jurisdictional issue which we raise on our own, and absent com-
pliance with the Rule, we dismiss the appeal for lack of a final
order. *Middleton* v. *Stilwell*, 301 Ark. 110, 782 S.W.2d 44 (1990).
Accordingly, we dismiss this appeal.

      Appeal dismissed.