OFFICE OF CHILD SUPPORT ENFORCEMENT *v.*
Christopher WILLIS

99-1147                                              17 S.W.3d 85

Supreme Court of Arkansas
Opinion delivered May 25, 2000

*James Houston Gunter, Jr.*, Chancellor;

*Greg L. Mitchell*, for appellant.

*Gilbert Law Firm*, by: *Melinda R. Gilbert*, for appellee.

ANNABELLE CLINTON IMBER, Justice. The Arkansas Court of Appeals has certified the captioned case to this court pursuant to Ark. Sup. Ct. R. 1-2(b)(2) and (5). We accepted certification in order to determine whether the defenses of collateral estoppel or *res judicata* bar a paternity action against a third party following the entry of two divorce decrees that reflect inconsistent findings on the issue of the child's paternity. We decline to reach the merits of this appeal because the trial court order did not cover all of the parties and their respective claims as required by Ark. R. Civ. P. 54(b). Accordingly, we must dismiss this appeal without prejudice.

John and Merigayle Triplett were married on February 13, 1982, and Megan Triplett was born on November 23, 1988. The Tripletts were subsequently divorced February 26, 1992, and Merigayle was granted custody of Megan. The divorce decree awarded John visitation rights and ordered him to pay child support and to be responsible for all of Megan's ordinary medical and dental expenses.

On February 14, 1993, John and Merigayle remarried, but they divorced once again, pursuant to a decree filed on January 20, 1998. In the second divorce, John challenged his paternity of Megan. After DNA paternity testing was performed which excluded John as Megan's biological father, the trial court found as a matter of fact that John is not Megan's father.

On August 12, 1998, the Office of Child Support Enforcement (OCSE) filed a paternity action against appellee, Christopher Willis, based upon the results of a DNA paternity test which revealed a 99.98 percent probability that Willis is Megan's biological father. Willis denied that he is the father of Megan and affirmatively pleaded the defenses of *res judicata*, collateral estoppel, and waiver based upon the February 26, 1992 Triplett divorce decree. Willis filed a cross-claim for damages and injunctive relief against Merigayle Triplett based upon allegations of fraud and outrage. He also requested that John Triplett be joined in the action so that he could try his cross-claims of fraud and outrage against both John and Merigayle Triplett simultaneously, and so that John's paternity could be declared. The trial court agreed that paternity had been established by the 1992 divorce decree and dismissed the paternity action against Willis in an order entered on April 21, 1999. OCSE

now appeals the trial court's dismissal of its paternity action against Willis.

■ An order that fails to adjudicate all of the claims as to all of the parties, whether presented as claims, counterclaims, cross-claims, or third party claims, is not final for purposes of appeal. Ark. R. Civ. P. 54(b); *Shackelford v. Arkansas Power & Light Co.*, 334 Ark. 634, 976 S.W.2d 950 (1998); *State v. Morrison*, 318 Ark. 563, 885 S.W.2d 900 (1994); *Maroney v. City of Malvern*, 317 Ark. 177, 876 S.W.2d 585 (1994). Although Rule 54(b) provides a method by which the trial court may direct entry of final judgment as to fewer than all of the claims or parties, where there is no attempt to comply with Rule 54(b) the order is not final and we must dismiss the appeal. Ark. R. Civ. P. 54(b); *State v. Morrison, supra; Maroney v. City of Malvern, supra*. The failure to comply with Rule 54(b) is a jurisdictional issue that we are obligated to raise on our own. *Shackelford v. Arkansas Power & Light Co., supra; State v. Morrison, supra; Maroney v. City of Malvern, supra.*

■ In the case before us, the order from which appeal is taken dismisses OCSE's paternity action against separate defendant Christopher Willis, appellee here. The order, however, does not address appellee's cross-claims for fraud and outrage against separate defendant Merigayle Triplett. According to the plain language of Rule 54(b), an order which fails to dispose of pending cross-claims in an action is not final for purposes of appeal. Ark. R. Civ. P. 54(b); *Maroney v. City of Malvern, supra*. In a review of the record, we find no other orders entered by the trial court disposing of the cross-claims. Although there is some indication that appellee wished to abandon his cross-claims upon entry of an order dismissing OCSE's paternity action against him, those cross-claims remain pending until the trial court enters an order disposing of them. *Shackelford v. Arkansas Power & Light Co., supra*. No such order has been entered in this case; nor has there been a Rule 54(b) certification. Consequently, we are without jurisdiction and must dismiss this appeal without prejudice so that the trial court may enter a final order as to the pending cross-claims.

Appeal dismissed without prejudice.