Brenda HEAD *v.* Wilbur M. GILES, M.D.; and
Virginia Reciprocal Insurance Company

00–111                                                         36 S.W.3d 344

Supreme Court of Arkansas
Opinion delivered February 1, 2001

*Gordon, Caruth & Virden, P.L.C.*, by: *Bart F. Virden* and *Jeannie L. Denniston*, for appellant.

*Friday, Eldredge & Clark*, by: *Laura Hensley Smith* and *Jason Hendren*, for appellees.

W.H. "DUB" ARNOLD, Chief Justice. Appellant, Brenda Head, raises an issue of first impression concerning the interpretation of Ark. R. Civ. P. 36 and 41 (2000). Specifically, Head questions whether a second cause of action involving the same parties and claims, filed after a previous voluntary nonsuit, is an "other proceeding" under Rule 36, and whether admissions made under Rule 36 in the nonsuited action may be used against a party in the second case. Our jurisdiction is authorized pursuant to Ark. R. Sup. Ct. 1-2(d) and 1-2(b)(1), and (6) (2000). Notably, we consider this same first-impression issue in a companion case, *Norrell v. Giles*, 343 Ark. 504, 36 S.W.3d 342 (2001).

## Background

The facts are undisputed. On September 25, 1997, appellant filed a medical-negligence complaint against appellees, Dr. Wilbur M. Giles and Virginia Reciprocal Insurance Company, Baptist Medical Center's liability-insurance carrier. Both appellees filed answers denying each of the material allegations of negligence. Subsequently, on February 3, 1998, appellees filed requests for admissions with Head. Significantly, two requests stated:

> Request for Admission No. 4: Admit that these defendants were not negligent in their care and treatment of the plaintiff.
>
> Request for Admission No. 5: Admit that any actions or inactions on the part of these defendants were not the proximate cause of any damages or injuries alleged in the Complaint.

Head neither filed a response nor an objection to the requests. As a result of her failure to respond, appellees filed a motion pursuant to Ark. R. Civ. P. 36(a) for the requests to be deemed admitted. The trial court granted the motion. Head then elected to voluntarily nonsuit her claims per Ark. R. Civ. P. 41.

Ultimately, Head refiled the action against both appellees on May 25, 1999. The second case asserted the identical claims advanced by appellant in the nonsuited action. Dr. Wilbur and Virginia Reciprocal again filed answers denying the allegations of medical negligence. Appellees also filed a motion for summary judgment. In support of the motion, appellees argued that the pending action was the same action as the first, not an "other proceeding." Consequently, Head's admissions carried over to the second case, despite her voluntary nonsuit. If the admissions remained effective and could be used against appellant, there remained no genuine issues of material fact. Accordingly, appellees contended that summary judgment was appropriate as a matter of law. The trial court agreed and granted appellees' motion. From that order comes the instant appeal.

## Ark. R. Civ. P. 36

█ The sole issue on appeal challenges the trial court's order in light of Ark. R. Civ. P. 36(b), that states, in pertinent part:

> *Effect of Admission.* Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . . Any admission made by a party under this rule is for the purpose of the *pending action only* and is

not an admission by him for any other purpose, nor may it be used against him in *any other proceeding.*

(Emphasis added.) In light of our reasoning in *Norrell v. Giles*, 343 Ark. 504, 36 S.W.3d 342 (2001) and the plain language of Ark. R. Civ. P. 36(b), we reverse the trial court's grant of summary judgment. Matters admitted under Rule 36 in the nonsuited action were for the purposes of the "pending action only" and were not admissions by her "for any other purpose," nor may they be used against her in "any other proceeding." *See* Ark. R. Civ. P. 36(b) (2000). Viewing the evidence in the light most favorable to appellant, resolving any doubts against appellees, and acknowledging that there remain no genuine issues of material fact, we hold that the trial court erred by finding that appellees were entitled to a judgment as a matter of law.

Reversed and remanded.