Jerry NORRELL *v.* Wilbur GILES, M.D.,
and Virginia Reciprocal Insurance Company

00-117                                        36 S.W.3d 342

Supreme Court of Arkansas
Opinion delivered February 1, 2001

*Gordon, Caruth & Virden, P.L.C.*, by: *Bart F. Virden* and *Jeannie L. Denniston*, for appellant.

*Friday, Eldredge & Clark*, by: *Laura Hensley Smith* and *Jason B. Hendren*, for appellees.

DONALD L. CORBIN, Justice. Appellant Jerry Norrell filed a medical-malpractice action in the Pulaski County Circuit Court against Appellees Dr. Wilbur M. Giles and the Virginia Reciprocal Insurance Company, the insurer for Baptist Medical Center. During the pendency of the lawsuit, Appellees filed requests for admission, some of which went to the ultimate issue of the lawsuit. When Appellant failed to timely answer the requests, Appellees sought an order from the trial court that the requests be deemed admitted under Ark. R. Civ. P. 36(a). The trial court granted Appellees' motion. Appellant then took a voluntary dismissal, or nonsuit, pursuant to Ark. R. Civ. P. 41. Within one year later, Appellant reinstated his suit against Appellees. Appellees sought and were granted summary judgment on the ground that the admissions deemed made prior to the nonsuit entitled them to judgment as a matter of law. The sole issue on appeal is whether admissions made under Rule 36 in an action that ends in a nonsuit may be used against the admitting party in the event the suit is reinstated. This issue is one of first impression; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1). For the reasons stated below, we reverse the trial court's judgment.

■ Rule 36 provides in part:

(a) *Request for Admission.* A party may serve upon any other party a written request for the admission, for purposes of the pending action, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or the application of law to fact, including the genuineness of any documents described in the request....

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.

In interpreting Rule 36, this court has consistently held that when a party fails to timely answer requests for admission, or otherwise fails to object to them, the requested matters are deemed admitted. *See, e.g., Borg-Warner Acceptance Corp. v. Kesterson*, 288 Ark. 611, 708 S.W.2d 606 (1986); *Womack v. Horton*, 283 Ark. 227, 674 S.W.2d 935 (1984); *Beck v. Merritt*, 280 Ark. 331, 657 S.W.2d 549 (1983); *Barnett Restaurant Supply, Inc. v. Vance*, 279 Ark. 222, 650 S.W.2d 568 (1983). Appellant does not deny that he failed to timely answer the requests for admission, nor does he challenge the propriety of the trial court's determination that the matters were then deemed admitted under Rule 36. Instead, he argues that those deemed admissions lost their effectiveness upon his being granted a voluntary dismissal without prejudice, pursuant to Rule 41(a). We agree.

Rule 41(a)(1) provides in pertinent part that "an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court." This court has consistently recognized that the plaintiff's right to voluntarily nonsuit a claim before final submission is absolute. *See, e.g., Beverly Enters.-Ark., Inc. v. Hillier*, 341 Ark. 1, 14 S.W.3d 487 (2000); *Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 954 S.W.2d 939 (1997); *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997); *Whetstone v. Chadduck*, 316 Ark. 330, 871 S.W.2d 583 (1994). The first dismissal is without prejudice and is not an adjudication on the merits. *Beverly*, 341 Ark. 1, 14 S.W.3d 487; *Lemon v. Laws*, 305 Ark. 143, 806 S.W.2d 1 (1991). Thus, the plaintiff has the right to file a new action within one year after the dismissal. *See* Ark. Code Ann. § 16-56-126 (1987); *McCastlain v. Elmore*, 340 Ark. 365, 10 S.W.3d 835 (2000); *Blaylock*, 330 Ark. 620, 954 S.W.2d 939.

Rule 36(b) provides in part: "Any admission made by a party under this rule is for the purpose of the *pending action* only and is not an admission by him for any other purpose, nor may it be used against him in any *other proceeding*." (Emphasis added.) We view this language as a deliberate limitation on the effect of those admissions made under that rule. Significantly, the rule does not speak in terms of "any action involving the same claim" or "any action involving the same parties." Rather, it only allows the use of such admissions for the purpose of the pending action. Thus, when Appellant was granted a voluntary dismissal without prejudice, the action in which the admissions were deemed made was no longer a

"pending action" under Rule 36(b). When the claim was reinstated, it became a new action or proceeding, complete with a new docket number and court schedule. Accordingly, the matters that were deemed admitted by Appellant in the first action were of no effect in the second action. We thus reverse the order of summary judgment and remand this case to the trial court for reinstatement of Appellant's suit.

Reversed and remanded.