SLIP OPINION

Cite as 2015 Ark. App. 420

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-14-733

| | | |
|---|---|---|
| RUTH JACOBS | | **Opinion Delivered** AUGUST 26, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. CV 2014-113-2] |
| V. | | |
| DEREK COLLISON | | |
| | APPELLEE | HONORABLE DOUG MARTIN, JUDGE |
| | | APPEAL DISMISSED |

## BART F. VIRDEN, Judge

Ruth Jacobs appeals the Washington County Circuit Court's dismissal of her complaint against appellee Derek Collison, with whom Jacobs had a live-in, nonmarital relationship for several years. We must dismiss this appeal for lack of a final, appealable order.

Jacobs contends that the parties were involved in a seven-year personal and professional partnership during which they shared income and assets and held themselves out as husband and wife. The relationship started in 2006, before the parties moved to Arkansas in 2010. The relationship ended in September 2013.

On January 22, 2014, Jacobs filed a complaint against Collison seeking a declaratory judgment that a partnership existed and for dissolution of that partnership. Alternatively, Jacobs sought to impose a constructive trust in her favor on one-half of all the parties' real and personal property, including monies held in accounts. Jacobs also asserted causes of action for

breach of implied contract and duty of ordinary care, good faith and fair dealing; promissory estoppel; unjust enrichment; intentional infliction of emotional distress and outrage; and fraud. She further sought to have the court appoint a receiver and impose an equitable lien on Collison's company. Jacobs amended her complaint on March 21, 2014, to include the service of interrogatories and requests for the production of documents.

Collison did not file an answer to Jacobs's complaint or amended complaint. Instead, he filed a counterclaim asserting that he was the owner of real property and that Jacobs has refused to leave the property and was guilty of unlawful detainer. He sought Jacobs's eviction. Jacobs failed to respond to the counterclaim or to the notice of intent to issue writ of possession. On April 21, 2014, a writ of possession was issued by the circuit clerk.

Collison also filed an Ark. R. Civ. P. 12(b)(6) motion for dismissal of Jacobs's amended complaint for failure to state facts upon which relief can be granted. A brief accompanied the motion. Jacobs responded to the dismissal motion. The court granted Collison's motion and dismissed Jacobs's first amended complaint with prejudice. This appeal followed.

Although neither party raises the issue, the question of whether an order is final and subject to appeal is a jurisdictional question, which this court will raise sua sponte. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003). Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. *Searcy Cnty. Counsel for Ethical Gov't v. Hinchey*, 2011 Ark. 533. Under Arkansas Rule of Civil Procedure 54(b), an order that fails to adjudicate all the claims as to all the parties, whether presented as claims, counterclaims,

cross-claims, or third-party claims, is not final for purposes of appeal. *Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002) (citing *City of Corning v. Cochran*, 350 Ark. 12, 84 S.W.3d 439 (2002); *Office of Child Support Enforcement v. Willis*, 341 Ark. 378, 17 S.W.3d 85 (2000)). Although Rule 54(b) provides a method by which the circuit court may direct entry of final judgment as to fewer than all the claims or parties, where there is no attempt to comply with Rule 54(b), the order is not final, and we must dismiss the appeal. *Harrill & Sutter, PLLC v. Farrar*, 2011 Ark. 181.

The finality problem arises because Collison filed a counterclaim against Jacobs for unlawful detainer and the counterclaim was not addressed by the circuit court. Where the order appealed from does not dispose of a counterclaim, the order is not final under Rule 54(b), and the appeal must be dismissed. *Bevans v. Deutsche Bank Nat'l Trust Co.*, 373 Ark. 105, 281 S.W.3d 740 (2008); *Dodge*, *supra*. The purpose of the counterclaim was to force Jacobs to vacate the home the parties shared. As mentioned above, a writ of possession was issued on April 21, 2014. However, this does not constitute a final disposition of the counterclaim because the writ was issued *by the circuit clerk* when Jacobs failed to respond within five business days of Collison's notice of intention to have the writ issued. *See* Ark. Code Ann. § 18-60-307(b) (Supp. 2013). It is not a final adjudication of the parties' rights. *See* Ark. Code Ann. § 18-60-307(d)(1)(B)(ii). Here, there is no Rule 54(b) certificate. Even if Jacobs has vacated the premises and no further action is necessary, the circuit court still needs to enter an order stating that fact and dismissing the counterclaim. It is also possible that other proceedings may be needed in the court below to address the notice of lis pendens filed

by Jacobs.

It is not enough to dismiss some of the parties or to dispose of some of the claims; to be final and appealable, an order must cover *all of the parties and all of the claims*. *J-McDaniel Constr. Co. v. Dale E. Peters Plumbing Ltd.*, 2013 Ark. 177 (emphasis in original) (citing *Williamson v. Misemer*, 316 Ark. 192, 871 S.W.2d 396 (1994)). Thus, we lack jurisdiction of this appeal because a final order has not been entered disposing of all the claims.

Appeal dismissed.

GLADWIN, C.J., and BROWN, J., agree.

*Davidson Law Firm*, by: *Stephanie Ann Linam*, for appellant.

*Cullen & Co., PLLC*, by: *Tim Cullen*; and *Everett, Wales & Comstock*, by: *Jason W. Wales*, for appellee.