SLIP OPINION


Cite as 2017 Ark. 41

# SUPREME COURT OF ARKANSAS

No. CV-16-119

|  |  |
|---|---|
| | **Opinion Delivered:** February 16, 2017 |
| JAMES TOLAND AND FIRST ARKANSAS BAIL BONDS, INC. <br>            **APPELLANTS** <br><br> V. <br><br> MIKE ROBINSON, IN HIS OFFICIAL CAPACITY AS DISTRICT JUDGE OF SALINE COUNTY, BENTON DISTRICT; AND STEPHANIE CASADY, IN HER OFFICIAL CAPACITY AS DISTRICT JUDGE OF SALINE COUNTY, BRYANT DISTRICT <br><br>            **APPELLEES** | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-14-631] <br><br> HONORABLE TED CAPEHEART, JUDGE, SITTING BY SPECIAL APPOINTMENT <br><br> <u>APPEAL DISMISSED WITHOUT PREJUDICE.</u> |

**SHAWN A. WOMACK, Associate Justice**

The appellants, James Toland and First Arkansas Bail Bonds, Inc., are appealing a motion to dismiss from the Saline County Circuit Court against the appellees, Judges Stephanie Casady and Mike Robinson. However, we must dismiss the appeal without prejudice because the circuit court's order is not final.

James Toland was arrested on a felony and appeared before Judge Mike Robinson who set a $25,000 sheriff's bond under Rule 9.2(b)(ii) of the Arkansas Rules of Criminal Procedure. Someone on Tolland's behalf thereafter paid the 10 percent required under the bond. At no point did Toland contest the bond prior to posting it and being released.

Thereafter, on October 14, 2014, Toland and First Arkansas Bail Bonds, Inc., filed suit against Saline County, District Judge Mike Robinson, and District Judge Stephanie Casady alleging five causes of action.[1] However, on August 28, 2015, the appellants took a voluntary dismissal of their civil rights claims under Ark. R. Civ. P. 41(a). Saline County filed a separate answer on November 3, 2014; however, on October 15, 2015, the appellants took a voluntary dismissal of all their claims against Saline County. Judges Robinson and Casady filed a motion to dismiss alleging various affirmative defenses, including lack of standing, waiver, judicial immunity, and sovereign immunity. On October 15, 2015, the circuit court granted the appellees' separate motion to dismiss. The appellants then appealed to this court.

*Lack of a Final Order*

We have previously stated that a final order is required for this court to have jurisdiction on appeal. *Haile v. Ark. Power & Light Co.*, 322 Ark. 29, 31, 907 S.W.2d 122, 123 (1995); *Wilburn v. Keenan Cos., Inc.*, 297 Ark. 74, 76, 759 S.W.2d 554, 555–56 (1988). The lack of a final, appealable order from the lower court is an issue that this court may raise sua sponte because it affects our jurisdiction. *Grand Valley Ridge, LLC v. Metro. Nat'l Bank*,

---

[1] The appellants allege that the appellees' practice of setting sheriff's bonds violates their rights under the Arkansas Constitution. The Plaintiffs allege the following writs and causes of action: (1) a Writ of Mandamus to compel the defendants to follow the Arkansas Constitution; (2) a Writ of Prohibition to prevent the defendants from denying individuals the right to choose a bail bond company of their choice; (3) a Writ of Certiorari because the defendants had exceeded the scope of their authority by denying the plaintiff the right to choose a bonding company of his choice; (4) a declaratory judgment that the defendants violated the plaintiffs' rights under the Arkansas Constitution; and (5) violations of the civil rights guaranteed under the Arkansas Constitution.

SLIP OPINION

2010 Ark. 402, at 2. Rule 54(b)(1) of the Arkansas Rules of Civil Procedure provides as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. In the event the court so finds, it shall execute the following certificate, which shall appear immediately after the court's signature on the judgment, and which shall set forth the factual findings upon which the determination to enter the judgment as final is based . . . .

Ark. R. Civ. P. 54(b)(1) (2016). The purpose of the rule is to avoid piecemeal appeals. *Eason v. Flannigan*, 349 Ark. 1, 5, 75 S.W.3d 702, 705 (2002). Per Rule 54, an order that fails to adjudicate all of the claims as to all of the parties is not final for purposes of appeal. *Office of Child Support Enf't v. Willis*, 341 Ark. 378, 380, 17 S.W.3d 85, 87 (2000). In such cases, there must be a Rule 54(b) certification from the lower court before we may hear the merits on appeal. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 103–04, 110 S.W.3d 725, 726 (2003); *Riley v. State Farm Mut. Auto. Ins. Co.*, 2011 Ark. 256, at 7, 381 S.W.3d 840, 846; *Driggers v. Locke*, 323 Ark. 63, 913 S.W.2d 269, 270 (1996)

Under Rule 41(a), a plaintiff has an absolute right to dismiss a claim without prejudice before final submission to the circuit court has occurred. Ark. R. Civ. P. 41(a) (2016); *Norell v. Giles*, 343 Ark. 504, 506, 36 S.W.3d 342, 343 (2001). Once a voluntary nonsuit has been obtained, the plaintiff may refile the claim within one year. Ark. Code Ann. § 16-56-126(a) (Repl. 2005); *Norrell*, 343 Ark. at 506, 36 S.W.3d at 343. However, when a plaintiff can refile a claim it leaves an outstanding issue that prevents a final order from being obtained. *Grand Valley Ridge, LLC*, 2010 Ark. 402, at 3 (citing *Crockett v. C.A.G. Invs., Inc.*, 2010

Ark. 90, at 7, 361 S.W.3d 262, 266). Therefore, absent a certification per Rule 54(b), permissive nonsuit on less than all of the claims prevents a final order from being entered. *Grand Valley Ridge, LLC,* 2010 Ark. 402, at 3; *Crockett*, 2010 Ark. 90, at 7–10, 361 S.W.3d at 266–68.

Here, the circuit court entered its order granting the defendant's motion to dismiss on October 15, 2015. However, on August 28, 2015, the court granted the appellants voluntary dismissal of their civil rights claims. There is no Rule 54(b) certification from the lower court in the record before us regarding the nonsuit as to the civil rights claims. Therefore, there is not a final order, and we do not have jurisdiction to address the merits on appeal.[2] Accordingly, we dismiss the appeal without prejudice.

Appeal dismissed without prejudice.

*Worsham Law Firm, P.A.*, by: *Richard W. Worsham*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Mindy D. Pipkin*, Sr. Ass't Att'y Gen., for appellee.

---

[2] We note that the Plaintiffs also filed a nonsuit as to Saline County. However, we have stated that nonsuiting a party does not prevent a final order because a plaintiff is not required to sue all the potential defendants simultaneously. *Driggers*, 323 Ark. at 66, 913 S.W.2d at 270–71. Therefore, nonsuit as to the county does not affect our jurisdiction on appeal.