[Cite as *Mehman v. Noltemeyer*, 2017-Ohio-7416.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael J. Mehman, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-623 |
| v. | : | (C.P.C. No. 15CV-2823) |
| Columbus Police Officer | : | |
| Sean Noltemeyer et al., | | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellants, | : | |
| John Doe et al., | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on August 31, 2017

**On brief:** *Moore & Yaklevich*, and *W. Jeffrey Moore*; *Abe Bahgat* for appellee. **Argued:** *Abe Bahgat*.

**On brief:** *Richard C. Pfeiffer, Jr.*, City Attorney, and *Janet R. Hill Arbogast*, for appellants. **Argued:** *Janet R. Hill Arbogast*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendants-appellants Sean Noltemeyer and Eric Houser from a decision and entry of the Franklin County Court of Common Pleas denying their motion for summary judgment.

{¶ 2} On June 20, 2013, plaintiff-appellee, Michael J. Mehman, filed a complaint against appellants in Franklin C.P. No. 13CVH-6834. On July 3, 2014, appellants filed a

motion for summary judgment.  On July 18, 2014, appellee filed a notice of dismissal without prejudice, expressing an "intention to re-file this action within one year."

{¶ 3}   On April 1, 2015, appellee filed a complaint against appellants in Franklin C.P. No. 15CV-2823.  The complaint alleged that, on June 20, 2012, appellant Sean Noltemeyer (individually "Noltemeyer"), a Columbus Police Officer, and appellant Eric Houser (individually "Houser"), also a Columbus Police Officer, "did engage in willful, reckless, or malicious conduct, unlawfully used excessive force and assault to seize [appellee] without a warrant or probable cause, handcuffing him, shoving him into the back of their cruiser and for no valid reason detaining him for an unreasonable time." (Compl. at 2-3.)  The complaint alleged causes of action for false arrest, illegal search and seizure/false imprisonment, and malicious prosecution.

{¶ 4}   On January 6, 2016, appellants filed a motion for summary judgment.  On February 17, 2016, appellee filed a memorandum contra the motion.  Appellants subsequently filed a reply.  On August 4, 2016, the trial court filed a decision and entry denying appellants' motion for summary judgment.

{¶ 5}   On appeal, appellants set forth the following three assignments of error for this court's review:

> [I.] The trial court erred when it found Appellants are not entitled to immunity from Appellee's claims.
>
> [II.] The trial court erred when it found that Appellants' requests for admissions had not been admitted by Appellee.
>
> [III.] The trial court erred in withdrawing the admissions.

{¶ 6}   Appellants' assignments of error are interrelated and will be considered together.  Under these assignments of error, appellants contend the trial court erred in (1) determining they were not entitled to immunity, (2) failing to adjudge their requests for admissions in the first filed action deemed admitted in the re-filed action, and (3) withdrawing the admissions.

{¶ 7}   Pursuant to Civ.R. 56, summary judgment is proper when "(1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to

the non-moving party." *Lee v. Cleveland,* 151 Ohio App.3d 581, 2003-Ohio-742, ¶ 16 (8th Dist.). This court's review of an appeal from summary judgment is de novo. *Id.*

{¶ 8} We first address appellants' argument, raised under the second assignment of error that the trial court erred in finding their requests for admissions applied only to the first filed action and not the re-filed lawsuit. Appellants note that on January 30, 2014, during the pendency of appellee's first filed action in case No. 13CVH-6834, they served on appellee's counsel their first set of requests for admissions. Appellants contend appellee failed to respond to the discovery requests within 28 days, and only responded to the requests for admissions on April 3, 2014, 63 days after service.

{¶ 9} In their motion for summary judgment filed in the underlying case, appellants argued before the trial court that, because appellee failed to timely respond to the requests for admissions in case No. 13CVH-6834, such admissions should be deemed admitted for purposes of the re-filed action (case No. 15CV-2823). Appellants further asserted that such admissions established all the facts essential to this case and, therefore, constituted sufficient evidence for the trial court to grant summary judgment in their favor.

{¶ 10} In denying appellants' motion for summary judgment, the trial court held that, under the plain language of Civ.R. 36, the requests for admissions could only be used for purposes of the "then pending" litigation (i.e., case No. 13CVH-6834). Further, noting that appellants had "not alleged that they have propounded any discovery requests in the current litigation," the court determined that appellee's "previous responses and/or non-responses to those requests cannot be used in support of [appellants'] Motion for Summary Judgment in the current litigation." (Decision & Entry at 5.)

{¶ 11} Civ.R. 36(A) states in part: "A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact." Under Ohio law, "when requests for admissions are served upon a party, that party must timely respond either by objection or answer," and the "[f]ailure to do so will result in the deemed admission of the matters requested to be admitted." *Farah v. Chatman,* 10th Dist. No. 06AP-502, 2007-Ohio-697, ¶ 9. Further, "[a]ny matter admitted is conclusively established unless the trial court permits withdrawal or amendment of the admission pursuant to Civ.R. 36(B)." *Id.*

{¶ 12} As indicated, appellee filed a voluntary notice of dismissal without prejudice in case No. 13CVH-6834.  Civ.R. 41(A)(1)(a) states in part: "Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial."  Civ.R. 41(A)(1) further provides: "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice."  This court has previously noted that a voluntary dismissal without prejudice is "not a disposition of the case on the merits." *Climaco, Seminatore, Delligatti & Hollenbaugh v. Carter,* 100 Ohio App.3d 313, 323 (10th Dist.1995)  Thus, "[a] dismissal of an action without prejudice leaves the parties in the same position as if the plaintiff had not commenced the action." *Sexton v. Kidder, Peabody & Co.*, 8th Dist. No. 74833 (Aug. 24, 1999).

{¶ 13} Pursuant to Civ.R. 36(A), a party may serve upon any other party a written request for the admission of the truth of any matter "for purposes of the pending action only." Civ.R. 36(B), entitled "[e]ffect of admission," states in part: "Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against the party in any other proceeding."

{¶ 14} As noted, appellants contend the trial court erred in finding that the deemed admissions applied only to the earlier action and not to the re-filed case.  According to appellants, the trial court's finding that the admissions applied only to the previous action overlooks the fact that the second case is identical to the first, i.e., that both cases arise out of the same incident, involve the same parties, and set forth the same claims.

{¶ 15} On review, we find no error with the trial court's interpretation of Civ.R. 36 in holding that the requests for admissions filed in the first action "could only be used for the purposes of the then pending litigation." *See, e.g., Harrison v. Porsche Plus,* 520 A.2d 346, 347 (Me.1987) ("As the first sentence of rule 36(a) implies, the words 'pending action' mean the action pending at the time of service of a request for admission."). Appellants contend the trial court cited no case law in support of its determination that the deemed admissions applied only to the previous action.  We note, however, other jurisdictions have interpreted the language of their state's counterpart to Ohio's version of Civ.R. 36 in a manner similar to that employed by the trial court in the instant case.  *See,*

*e.g., Fieldcrest Cannon v. Fireman's Fund Ins. Co.,* 124 N.C.App. 232, 241 (1996) (rejecting the defendant's argument that its request for admissions, served upon the plaintiff in earlier action which plaintiff voluntarily dismissed, should be deemed admitted for purposes of later action; "Rule 36 of the North Caroline Rules of Civil Procedure, like Federal Rule 36," specifically limits the effect of a deemed admission to "the pending action only"); *Norrell v. Giles,* 343 Ark. 504, 506-07 (2001) (where the appellant was granted a voluntary dismissal without prejudice, "the action in which the admissions were deemed made was no longer a 'pending action' under Rule 36(b)," and therefore "the matters that were deemed admitted by Appellant in the first action were of no effect in the second action").

{¶ 16} In addition, the courts in *Norrell* and *Fieldcrest Cannon* addressed and rejected analogous arguments raised by appellants in the present action, including claims that both the first filed case and the re-filed case involve the same parties and claims, and that the effect of the trial court's ruling is to permit a party to nullify their admissions by simply filing a voluntary dismissal. *See Norrell* at 506 (construing language of Civ.R. 36(b) as "a deliberate limitation on the effect of those admissions," and observing that "the rule does not speak in terms of 'any action involving the same claim' or 'any action involving the same parties' "); *Fieldcrest Cannon* at 241 (noting that the legislature, "like the drafters of the Federal Rules of Civil Procedure, in promulgating section (b) of Rule 36, were cognizant of the necessity to weigh the equities in allowing deemed admissions which were products of an earlier action to be utilized in a later action," and that they "recognized the need to sacrifice earlier-obtained, relevant evidence (e.g., deemed admissions) in later litigation, in order to resolve an action on the true merits").

{¶ 17} Appellants rely on *Jain v. Ehle Morrison Group, Inc.,* 8th Dist. No. 92522, 2009-Ohio-3471, for the proposition that it is appropriate for a trial court to consider admissions from a prior case where the plaintiffs voluntarily dismissed that case and then re-filed the case against the same defendants. On review of that case, however, we agree with appellee that the facts of *Jain* are distinguishable from the instant case.

{¶ 18} In *Jain*, the plaintiffs initially filed an action against the defendants in 2006, at which time the defendants served requests for admissions; the plaintiffs did not respond to discovery requests and later dismissed the action without prejudice. In 2008, the plaintiffs re-filed their action, and the defendants again served interrogatories and

requests for admissions on the plaintiffs. Further, one of the defendants filed a motion to dismiss for failure to prosecute noting that the plaintiffs had not responded to the discovery requests. The defendants subsequently filed a motion for summary judgment; in support, they filed the unanswered requests for admissions from the first action "which were substantially the same as the unanswered requests for admissions from this refiled action." *Id.* at ¶ 26. The plaintiffs filed a brief in opposition to the defendants' motion for summary judgment, arguing that the requests for admissions were from the prior action and, thus, could not be used in the pending matter. The trial court subsequently granted the defendants' motion for summary judgment.

{¶ 19} On appeal, the plaintiffs argued that the trial court erred in granting the defendants' motion for summary judgment as the evidence offered in support of the motion was filed in the original action. The court in *Jain* affirmed the judgment of the trial court, holding in part:

> Plaintiffs correctly note that pursuant to Civ.R. 36, "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only," and "[a]ny admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against the party in any other proceeding."
>
> However, this misses the point of defendants' joint motion for summary judgment, which is that substantially the same matters were set forth in the request for admissions filed in this case as were filed in the first action. This second request for admissions was not answered, and is therefore deemed admitted.

*Id.* at ¶ 34-35.

{¶ 20} As set forth above, the court in *Jain* noted that the second request for admissions (i.e., the defendants' request in the re-filed action) "was not answered," and the court held that such request was "therefore deemed admitted." *Id.* at ¶ 35. In the instant case, by contrast, and as observed by the trial court in its summary judgment decision, appellants "have not alleged that they have propounded any discovery requests in the current litigation." Accordingly, we do not find *Jain* to be dispositive of the issues in this case, and we agree with the trial court's determination that appellee's previous

responses and/or non-responses to requests for admissions, served as part of discovery in an action which appellee voluntarily dismissed (case No. 13CV-6834), could not be used in support of summary judgment in the current litigation.

{¶ 21} Under the first assignment of error, appellants contend the trial court erred in failing to find they were entitled to statutory immunity from appellee's claims. Appellants note that Ohio Revised Code Chapter 2744 creates a presumption that political subdivisions and their law enforcement officers are immune from liability for state court claims.  Appellants maintain, based on the individual affidavits submitted by Noltemeyer and Houser in support of summary judgment, there is no evidence in the record that they acted maliciously, in bad faith, or recklessly.  Appellants further argue that this court should not consider appellee's affidavit, attached to his memorandum in opposition to appellants' motion for summary judgment, based on their assertion that appellee cannot challenge matters already conclusively established due to his failure to timely respond to the requests for admissions in case No. 13CVH-6834.

{¶ 22} In general, "employees of a political subdivision are immune from liability pursuant to R.C. 2744.03(A)(6) unless the employee's acts or omissions 'were with malicious purpose, in bad faith, or in a wanton or reckless manner.' " *Cook v. Cincinnati,* 103 Ohio App.3d 80, 90 (1st Dist.1995).  Thus, "a police officer * * * cannot be held personally liable for acts committed while carrying out his or her official duties unless one of the exceptions to immunity is established." *Id.*

{¶ 23} In the instant case, in addressing appellants' statutory immunity argument, the trial court held in part:

> Defendants contend that Ohio Revised Code Chapter 2744 creates a presumption that political subdivisions and their law enforcement officers are immune from liability for state court claims.  However, because one of the exceptions to immunity is that the employee's acts were committed with a "malicious purpose, in bad faith, or in a wanton or reckless manner" * * *, the Court finds that there is a genuine issue of material fact as to whether immunity applies in this case.

(Decision & Entry at 9-10.)

{¶ 24} As noted, appellants' argument that the trial court erred in failing to grant summary judgment in their favor with respect to the issue of statutory immunity is

predicated on their claim that the admissions from the previous action are deemed admitted for purposes of summary judgment in the current litigation. As such, appellants do not discuss the averments in appellee's affidavit, asserting instead that this court should not consider that evidentiary material. However, having rejected appellants' argument as to the effect of the deemed admissions, we find no error with the trial court's decision denying appellants' motion for summary judgment based on immunity under R.C. 2744.03(A)(6). Here, construing the evidence on summary judgment most strongly in favor of the non-moving party, including the averments set forth in the affidavit submitted by appellee, we agree with the trial court that a genuine issue of material fact remains as to whether statutory immunity applies.

{¶ 25} Under their third assignment of error, appellants challenge language in the trial court's decision that "even if [appellee's] responses in the previous case could be used in the present action, it is still within this Court's discretion to allow [appellee] to withdraw or amend his admissions." (Decision & Entry at 5.) In addressing this issue, the trial court stated that upholding the admissions "would eliminate any presentation of the merits of the case," and that appellants "would not be prejudiced" by the withdrawal of appellee's admissions "as there is no current trial date," and as "it was untimely discovered that this was a re-filed case that needed to be transferred back to the original judge." (Decision & Entry at 5.)

{¶ 26} Pursuant to Civ.R. 36(B), a trial court may allow the withdrawal of admissions. *Farah* at ¶ 11. Under Ohio law, a trial court may permit a party "to avoid the conclusive effect" of his or her failure to file timely answers if the "presentation of the merits would be enhanced" and if the party who obtained the admission "failed to satisfy the trial court that the withdrawal or amendment of the admissions would prejudice" such party in maintaining his or her action on the merits. *Balson v. Dodds,* 62 Ohio St.2d 287, 290 (1980). Such decision "is also within the discretion of the trial court." *Farah* at ¶ 11.

{¶ 27} To the extent the trial court, in its summary judgment decision, addresses the issue of withdrawal or amendment of a party's admission, the court appears to recognize its discussion is not dispositive based on its determination that the deemed admissions were not available to appellants in the re-filed action. Specifically, the trial court concludes its discussion of this issue by noting that, while it "could now allow" appellee to amend his previous responses to the requests for admissions, it "need not

make this decision because the admissions were part of the first case, not this case."  In light of this court's determination that the trial court did not err in holding that any deemed admissions in the previous action were not available in the current litigation, we conclude that the issue raised under appellants' third assignment of error is rendered moot.

{¶ 28} Based on the foregoing, appellants' first and second assignments of error are overruled, the third assignment of error is rendered moot, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.

_____