Cite as 2024 Ark. App. 621

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-23-442

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF ERIC STALIN EDOWU JOHNSON, DECEASED | Opinion Delivered December 11, 2024 |
| SESIN JOHNSON<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION [NO. 60PR-21-2155] |
| V. | HONORABLE ANDREW GILL, JUDGE |
| DELIN JOHNSON<br>APPELLEE | DISMISSED |

**KENNETH S. HIXSON, Judge**

This is a probate case, and the parties, appellant Sesin Johnson and appellee Delin Johnson, are brothers. Sesin appeals from an amended order denying his motion to set aside a previous order that had him removed as the personal representative of the parties' father's estate. We must dismiss this appeal for lack of jurisdiction because the underlying order Sesin asked to be set aside is not an appealable order.

The parties' father, Eric Johnson, died testate on April 10, 2019. Eric's will nominated Sesin as the executor of his estate and provided that if Sesin fails or ceases to act as the executor, Delin was nominated as the successor executor.

On September 27, 2021, Sesin filed a petition for probate of will and appointment of personal representative. Sesin's petition was prepared and submitted by his retained

counsel, Elizabeth Richardson. On September 27, 2021, the trial court entered an order probating will and appointing Sesin executor of Eric's estate. On October 4, 2021, Sesin filed his acceptance of appointment as personal representative, and letters testamentary were issued. On December 21, 2021, Sesin filed, through counsel Richardson, proof of publication.

On September 19, 2022, Delin filed a motion to compel inventory and accounting, asserting that Sesin had not filed an inventory or accounting as required by the relevant provisions in the Probate Code.[1] This motion was served on Sesin's counsel, Richardson, via the eFlex online filing system. Attorney Richardson did not file a response.

On October 7, 2022, the trial court entered an order granting Delin's motion to compel inventory and accounting. In that order, the trial court noted that no inventory had been filed within the two-month deadline after Sesin's qualification as personal representative and that Sesin's attorney, Richardson, had not responded to Delin's motion. The trial court's order stated in pertinent part:

> Sesin Johnson, as the current personal representative of the Estate of Eric Johnson, shall file a complete and accurate Inventory and Accounting on or before 4:00 p.m. October 14, 2022. If such Inventory and Accounting are not timely, properly and completely filed by the above-described date, the personal representative shall be subject to sanction from this Court, including, but not limited to, any or all of Movant's attorney fees incurred to bring this Motion *and removal as personal representative of the estate of Eric Johnson.*

---

[1] *See* Ark. Code Ann. § 28-49-110 (Repl. 2012) and § 28-52-103 (Repl. 2012).

(Emphasis added.)  The October 14, 2022, deadline passed, and no inventory or accounting was filed by Sesin's attorney, Richardson.

On October 17, 2022, Delin filed a petition to remove Sesin as personal representative and to be appointed as successor personal representative.  This petition was served on Sesin's counsel, Richardson, via the eFlex online filing system.  Attorney Richardson did not file a response.  In this petition, Delin noted that the trial court had ordered Sesin to file an inventory and accounting by October 14, 2022, that Sesin had failed to comply with the trial court's order, and that the trial court's order provided that Sesin's failure in this regard subjected Sesin to sanctions, including his removal as personal representative.  Delin asked that Sesin be removed as personal representative pursuant to the trial court's order and Ark. Code Ann. § 28-48-105 (Repl. 2012).

On October 24, 2022, the trial court entered an order granting the petition and removing Sesin as personal representative due to Sesin's failure to comply with the trial court's October 7, 2022 order.  The trial court stated:

> 2.  That on or about October 7, 2022, this Court entered an Order requiring Sesin Johnson, the current Personal Representative, to file a complete and accurate Inventory and Accounting on or before 4:00 p.m. October 14, 2022.
>
> 3.  Furthermore, the Order provided that failure to timely file a complete and accurate Inventory and Accounting would subject the Personal Representative to sanction from this Court, including, but not limited to, Sesin Johnson's removal as Personal Representative.
>
> 4.  Sesin Johnson failed to comply with the Court's Order as no Inventory or Accounting has been filed.

3

5. Therefore, pursuant to this Court's Order and Ark. Code Ann. § 28-48-105, Sesin Johnson is hereby removed as the current Personal Representative of decedent's estate and the Letters Testamentary previously issued are hereby revoked.

Arkansas Code Annotated section 28-48-105, referenced above in the trial court's order, provides in relevant part:

(a)(1) When the personal representative becomes mentally incompetent, disqualified, unsuitable, or incapable of discharging his or her trust, has mismanaged the estate, *has failed to perform any duty imposed by law or by any lawful order of the court*, or has ceased to be a resident of the state without filing the authorization of an agent to accept service as provided by § 28-48-101(b)(6), *then the court may remove him or her.*

(2) The court on its own motion may, or on the petition of an interested person shall, order the personal representative to appear and show cause why he or she should not be removed.

(Emphasis added.) Upon Sesin's removal as personal representative—pursuant to the terms of Eric Johnson's will—the trial court appointed Delin as successor personal representative. On November 2, 2022, Delin filed his acceptance of appointment as personal representative, and letters testamentary were issued the same day.

Sesin learned that he had been removed as personal representative and executor of the estate when the customer-service representatives of the bank where the estate's accounts were held refused to discuss the estate's accounts with him. Sesin retained new counsel. On December 5, 2022, Sesin's new counsel filed a motion to set aside the October 24, 2022 order that removed him as personal representative of his father's estate under Rule 60 of the Arkansas Rules of Civil Procedure. In this motion, Sesin argued that due to the negligence of his previous attorney, Richardson, he was unaware of the trial court's order to file an inventory and accounting and was therefore unable to defend himself; that the trial court

4

entered the order removing him as personal representative prematurely before he was given adequate time to respond; and that the trial court erred in removing him without a hearing because a show-cause hearing was required pursuant to Ark. Code Ann. § 28-48-105(a)(2). Sesin argued that there had been a miscarriage of justice and sought to set the order aside pursuant to Rule 60(a), which provides that to prevent a miscarriage of justice, the trial court may modify or vacate a judgment within ninety days of its having been filed with the clerk. On December 13, 2022, Delin filed a response to Sesin's Rule 60 motion, arguing that none of Sesin's arguments were grounds to set aside the trial court's order of removal and asking that Sesin's motion be denied.

On February 23, 2023, Delin filed an amended response to Sesin's Rule 60 motion. In this amended response, Delin noted that more than ninety days had expired since the trial court entered the October 24, 2022 order that removed Sesin as personal representative. Because Rule 60(a), upon which Selin relied in his motion, provides a ninety-day limitation for modifying or vacating an order, Delin argued that Sesin's motion should be denied.

On February 26, 2023, Sesin filed an amended motion to set aside the October 24, 2022 order that removed him as personal representative of his father's estate under Rule 60 of the Arkansas Rules of Civil Procedure. In his amended motion, Sesin asserted that under Rule 60(c)(3), a trial court may modify or vacate a judgment after the expiration of ninety days for misprisions of the clerk. Sesin also cited Rule 60(h), which provides that "[r]endering judgment prior to the time fixed for filing an answer shall be deemed a clerical misprision." Sesin argued that he was entitled to relief because Delin filed his petition for

5

removal on October 17, 2022, and the trial court entered its order removing Sesin just seven days later on October 24, 2022, which was prior to the ten-day deadline for Sesin to file a response to the petition.[2]

On March 1, 2023, the trial court held a hearing on Sesin's motion and amended motion to set aside the order removing him as personal representative. At the hearing, the parties' counsel gave arguments with respect to the issues raised in Sesin's motion and amended motion. In addition, the trial court heard testimony.

Elizabeth Richardson, Sesin's original counsel who had filed the petition for probate of will and appointment of personal representative on Sesin's behalf, testified that during her representation, she and Sesin had spoken many times about the probate case. Ms. Richardson stated that she thought Sesin had been doing a good job of handling his duties as personal representative of his father's estate. There were no inquiries regarding the various motions and petitions served on attorney Richardson described above to which no responses were filed.

Sesin testified that prior to his removal, he was communicating with his family members about the estate and was executing his duties as personal representative, although he acknowledged that he had never filed an inventory or accounting. Sesin stated that he never received notice of Delin's motion to compel inventory and accounting, the trial court's

---

[2]Although not stated in his amended motion, Sesin was evidently relying on Rule 6(c) of the Arkansas Rules of Civil Procedure, which provides that any party opposing a motion shall serve a response within ten days after service of the motion.

order compelling an inventory and accounting, Sesin's petition to remove him as personal representative, or the trial court's order removing him as personal representative. Sesin testified that he was unaware that he had been removed until tried to pay a bill on behalf of the estate and he was unable to access the estate's account.

Delin testified that that there was animosity between him and Sesin and that Sesin's communication with him about the estate's affairs was limited. Delin testified that Sesin never provided an inventory or accounting, which was why he filed his motion to compel.

At the conclusion of the hearing, the trial court stated that it would reserve ruling on Sesin's motion to set aside but stated it would give the parties the opportunity to file posthearing briefs on the issue of whether a show-cause hearing pursuant Ark. Code Ann. § 28-48-105 should have been held prior the trial court's removing Sesin as personal representative. Both parties filed posthearing briefs—Sesin argued that a section 105 show-cause hearing is mandatory, and Delin argued that a section 105 show-cause hearing is only discretionary.

On March 17, 2023, the trial court entered an order denying Sesin's motion to set aside the order removing him as personal representative. On March 27, 2023, the trial court entered an amended order denying Sesin's motion to set aside the order removing him as personal representative.

In the trial court's March 27, 2023 amended order, it found that a show-cause hearing was not required prior to Sesin's being removed as personal representative because the trial court was authorized to remove Sesin due to his failure to abide by a court order under Ark.

7

Code Ann. § 28-48-105(a)(1) and that subdivision (a)(2) provides that the court on its own motion *may* order the personal representative to appear and show cause why he should not be removed.  In light of these provisions, the trial court found that a hearing was only discretionary and not mandatory.  With respect to Sesin's argument that the trial court entered its order of removal before the time had expired for Sesin to respond to Delin's petition for removal, the trial court noted that Delin's motion was unnecessary because the trial court had the authority to sua sponte remove Sesin due to Sesin's failure to comply with the trial court's order to file an inventory and accounting by a date certain.  The trial court found that after Sesin had failed to comply with the trial court's order, the trial court had the statutory authority to immediately remove Sesin as personal representative.  As such, the trial court denied Sesin's motion to set aside the order removing him as personal representative.

Sesin now appeals from the amended order denying his motion to set aside the order removing him as personal representative.  Sesin raises these three arguments: (1) the trial court improperly removed Sesin as executor without holding a show-cause hearing; (2) the trial court erred in finding that Sesin was served through his attorney and was responsible for not fulfilling certain estate obligations; (3) the trial court erred in granting the removal petition without allowing the response time to which Sesin was entitled.  For the following reasons, we cannot address any of these arguments because we conclude that there is no final order from which to appeal; therefore, this appeal must be dismissed for lack of jurisdiction.

8

When an appeal is taken from an order that is not appealable, we lack jurisdiction to hear the appeal, and the appeal must be dismissed. *See Carroll v. Baker*, 2011 Ark. 98. Although we observe that Delin did raise this jurisdictional challenge in his brief, the lack of an appealable order from the lower court is also an issue that this court will raise sua sponte because it affects our jurisdiction. *Toland v. Robinson*, 2017 Ark. 41.

Arkansas Code Annotated section 28-1-116(b)(1) (Repl. 2012) provides that there shall be no appeal from an order "[r]*emoving a fiduciary for failure* to give a new bond or *to render an accounting as required by the court*." (Emphasis added.) *See also* Ark. R. App. P.–Civ. 2(a)(12). Pursuant to this provision, the trial court's October 24, 2022 order was not an appealable order because it removed Sesin as personal representative due to Sesin's failure file an inventory and accounting on or before 4:00 p.m. on October 14, 2022, as previously ordered by the trial court.

In Sesin's reply brief, he argues that he has appealed from an appealable order for two reasons. However, we do not agree with either of these arguments.

Sesin first argues that the October 24, 2022 order is an appealable order because it removed him as personal representative for failure to file an accounting *and an inventory*. Sesin posits that although one of the bases for his removal was for failing to file an accounting, there was another basis for his removal that renders the order appealable. However, in *In re Guardianship of Vesa*, 319 Ark. 574, 892 S.W.2d 491 (1995), our supreme court dismissed an appeal from an order pursuant to Ark. Code Ann. § 28-1-116(b) because that order removed appellant as guardian of the ward's person for appellant's failure to

comply with the trial court's order to render an accounting *and to transfer the guardianship assets to the bank*. Therefore, the supreme court in *Vesa* made it clear that the removal of a fiduciary for failing to render an accounting is not appealable even if additional reasons exist for the removal.

Sesin also argues that we have jurisdiction of this appeal because, even if the October 24, 2022 removal order was not itself appealable, he is not appealing from that order but is instead appealing from the March 27, 2023 amended order denying his motion to set aside the order removing him as personal representative. However, Sesin cites no authority to support the notion that when an underlying order is not itself an appealable order, a litigant may nonetheless file a posttrial motion and then appeal from the denial of that motion. Moreover, in *Young v. Young*, 2009 Ark. App. 556, the appellant attempted to appeal from an order that was not appealable *and* the subsequent order denying posttrial relief, and we dismissed that appeal for lack of jurisdiction. Accordingly, we conclude that neither the October 24, 2022 order that removed Sesin as personal representative nor the March 27, 2023 order that denied relief from that order is appealable and that this appeal must be dismissed for lack of jurisdiction.

Dismissed.

GLADWIN and THYER, JJ., agree.

*The Law Office of Geoffrey D. Kearney, PLLC*, by: *Geoffrey D. Kearney*, for appellant.

*Law Office of Harry Warden*, by: *Harry Warden*, for appellee.